## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ADVANCED PHYSICIANS, S.C.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **CONNECTICUT GENERAL LIFE** | § | |
| **INSURANCE COMPANY; CIGNA** | § | |
| **HEALTH AND LIFE INSURANCE** | § | |
| **COMPANY; CIGNA HEALTHCARE** | § | **CIVIL ACTION NO. 3:16-cv-2355** |
| **MANAGEMENT INC.; GREAT-WEST** | § | |
| **HEALTHCARE-CIGNA; NATIONAL** | § | |
| **CARE NETWORK, LLC; DATA ISIGHT;** | § | |
| **NATIONAL CARE NETWORK, LLC d/b/a** | § | |
| **DATA ISIGHT; And MULTIPLAN, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendants Connecticut General Life Insurance Company, Cigna Health and Life Insurance Company, Cigna Healthcare Management Inc., and Great-West Healthcare-Cigna[1] (collectively "Cigna") file this Notice of Removal of Civil Action brought by Plaintiff Advanced Physicians, S.C. ("Plaintiff").

1.     **The State Court Action, Parties and Pleadings.** Plaintiff filed a civil action on June 24, 2016, in the 116th Judicial District Court of Dallas County, Texas, under Cause Number DC-16-07609 (the "State Court Action"). A true and correct copy of the State Court Docket Sheet is attached hereto as Exhibit A. A true and correct copy of Plaintiff's First Amended Petition (the "Complaint") is attached hereto as Exhibit B.

---

[1]     Great-West Healthcare-Cigna is an incorrectly named entity.

2.      Cigna was served or otherwise received a copy of the Complaint on July 22, 2016. A true and correct copy of the citation to Cigna, including the executed return, is attached hereto as Exhibit C.

3.      Defendants National Care Network, LLC,  Data Isight, National Care Network, LLC and MultiPlan, Inc. (collectively, the "MultiPlan Defendants") were served with or otherwise received a copy of the Complaint on July 22, 2016. The MultiPlan Defendants all join in and consent to the removal of this action, as reflected in their written Joinder and Consent to Removal of Civil Action attached hereto.[2]

4.      **This Notice is Timely Pursuant to 28 U.S.C. § 1446(b).** This Notice of Removal of Civil Action is being removed prior to the expiration of the statutorily allowed thirty (30) day period after the date that any Defendant was served with or otherwise received a copy of the Complaint.

5.      **Complete Diversity of Citizenship Confers Jurisdiction.** The State Court Action may be removed to this Court because it is one involving a controversy wholly between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this is a civil action over which the district courts of the United States have original diversity jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441.

6.      Specifically, the Complaint asserts that Plaintiff is a business incorporated in the State of Illinois. [3] Based on information and belief, Plaintiff has its principal place of business in the State of Illinois. Upon information and belief, as of the date of this Notice of Removal,

---

[2]      *See* Exhibit D.

[3]      Exhibit B at ¶ 2.1.

Plaintiff continues to be Incorporated in and have its principal place of business in the State of Illinois.

7.      Defendant Connecticut General Life Insurance Company is a corporation that was incorporated in the State of Connecticut and had its principal place of business in the State of Connecticut at the time the state court action was filed. As of the date of this Notice of Removal, Cigna Health and Life Insurance Company continues to be incorporated in Connecticut and has its principal place of business in Connecticut.

8.      Defendant Cigna Health and Life Insurance Company is a corporation that was incorporated in the State of Connecticut and had its principal place of business in the State of Connecticut at the time the state court action was filed. As of the date of this Notice of Removal, Cigna Health and Life Insurance Company continues to be incorporated in Connecticut and has its principal place of business in Connecticut.

9.      Defendant Cigna Health Management, Inc.[4] is a corporation that was incorporated in the State of Delaware and had its principal place of business in the State of Pennsylvania at the time the state court action was filed. As of the date of this Notice of Removal, Cigna Health Management, Inc. continues to be incorporated in Delaware and has its principal place of business in Pennsylvania.

10.     Defendant Great-West Healthcare-Cigna appears to be incorrectly named. However, for purposes of diversity, Plaintiff pled that Great-West Healthcare-Cigna "is a subsidiary of Connecticut General Life Insurance Company and a Connecticut Corporation."[5]

---

[4]      Cigna Health Management, Inc. was incorrectly named "Cigna Healthcare Management, Inc." in the Complaint. Exhibit B at ¶ 2.4.

[5]      Exhibit B at ¶ 2.5.

11.     Defendant National Care Network, LLC is a foreign limited liability company organized under the laws of the State of Delaware. The sole member of National Care Network, LLC is NCN Acquisition Corporation which is a corporation that was incorporated in the State of Delaware. As of the date of this Notice of Removal, National Care Network, LLC continues to be organized under the laws of the State of Delaware.

12.     Defendant Data Isight is not an entity. It is a trademark owned by National Care Network, LLC.

13.     National Care Network, LLC does not do business as Data Isight.

14.     Defendant MultiPlan, Inc. is a corporation that was incorporated in the State of New York and had its principal place of business in the State of New York at the time the state court action was filed. As of the date of this Notice of Removal, MultiPlan, Inc. continues to be incorporated in New York and has its principal place of business in New York.

15.     Furthermore, based on information and belief, the amount in controversy in this action exceeds the sum of $75,000.00, exclusive of interest and costs, in that Plaintiff seeks damages in an amount in excess of the minimum jurisdictional requirements of 28 U.S.C. § 1332. Although Plaintiff's Complaint does not allege the specific amount of damages sought, Plaintiff does seek to recover, in addition to actual damages, exemplary damages, costs, and attorney fees, each of which are to be considered in determining whether the amount in controversy meets the threshold.[6] Furthermore, Plaintiff's Complaint states that it intends to conduct discovery under Level III of the Texas Rules of Civil Procedure. "The fact that [Plaintiff] did not seek to utilize the expedited discovery procedures available to Level I

---

[6]     Exhibit B, Prayer, at p. 14; *see also Foret v. E. Farm Bureau Life Ins. Co.*, 918 F.2d 534, 536 (5th Cir. 1990) ("[A]ttorney's fees may be included in determining the jurisdictional amount."); *United States Fire Ins. Co. v. Villegas*, 242 F.3d 279, 284 (5th Cir. 2001) (recognizing that federal court can consider potential exemplary damages in determining amount in controversy).

plaintiffs seeking less than $100,000 under the Texas rules is relevant to determining the amount in controversy."[7] Therefore, it is facially apparent, or more likely than not, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

16.    **ERISA Complete Preemption Raises a Federal Question.** Plaintiff has asserted state law claims arising out of Cigna's alleged failure to pay Plaintiff plan benefits and Plaintiff seeks to recover payment on those medical claims. Based on information and belief, the patients, at times, were covered under ERISA[8] plans administered by Cigna or a Cigna affiliate and Plaintiff is seeking to recover ERISA plan benefits based on challenges to plan coverage determinations. Based on information and belief, Plaintiff is an assignee of its patient's rights to any plan benefits, Plaintiff could have brought its claims under the civil enforcement provisions of ERISA, and there is no other legal duty independent of ERISA or the ERISA plans' terms that is implicated by Cigna's alleged actions.

17.    As such, Plaintiff has asserted state law claims that are completely preempted by ERISA's civil enforcement scheme codified at 29 U.S.C. § 1132(a).[9] Therefore, this Court has original jurisdiction pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e) and the matter is one that may be removed pursuant to 28 U.S.C. §1441(a) and controlling case law.

---

[7]    *Moore v. Gladiator Events, LLC*, 3:15-CV-01877-M, 2015 WL 5459625, at *6 (N.D. Tex. Sept. 15, 2015).

[8]    Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461.

[9]    *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 209-211 (2004); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56-57 (1987). A claim falls within the scope of 29 U.S.C. § 1132(a) and is completely preempted by ERISA if (1) the plaintiff, at some point in time, could have brought the claim under ERISA, and (2) there is no other legal duty independent of ERISA or the plan's terms that is implicated by a defendant's actions. *Davila*, 542 U.S. at 210. Both elements are satisfied here.

18.    **Notice Filed in the State Court.** Promptly after filing this Notice of Removal, Cigna will provide written notice of removal to Plaintiff and will file a copy of this Notice of Removal with the Clerk for the District Court of Dallas County, Texas, as provided by law.[10]

WHEREFORE, PREMISES CONSIDERED, Defendants Connecticut General Life Insurance Company, Cigna Health and Life Insurance Company, Cigna Healthcare Management Inc., and Great-West Healthcare-Cigna pray that the State Court Action be removed to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

OF COUNSEL:
ANDREWS KURTH LLP
    and
MITCHELL A. REID
State Bar No. 24037346
*mreid@andrewskurth.com*
600 Travis, Suite 4200
Houston, Texas 77002
Telephone:  (713) 220-4200
Telecopier:  (713) 220-4285
    and
MARK A. SHOFFNER
State Bar No. 24037490
*markshoffner@andrewskurth.com*
ANDREWS KURTH LLP
1717 Main Street, Suite 3700
Dallas, Texas 75201
Telephone:  (214) 659-4400
Telecopier:  (214) 659-4401

By:   *s/ Mitchell A. Reid*
        JOHN B. SHELY
        State Bar No. 18215300
        600 Travis, Suite 4200
        Houston, Texas 77002
        Telephone:  (713) 220-4105
        Telecopier:  (713) 220-4285
        *jshely@andrewskurth.com*

ATTORNEY-IN-CHARGE FOR DEFENDANTS
CONNECTICUT GENERAL LIFE INSURANCE
COMPANY; CIGNA HEALTH AND LIFE
INSURANCE COMPANY; AND CIGNA
HEALTH MANAGEMENT INC.

---

[10]    A true and correct copy of the Notice being filed with the District Court of Dallas County, Texas, 116th Judicial District, is attached hereto as Exhibit E.

HOU:3710817.1

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2016, a true and correct copy of this document was served on the following attorneys of record by United States certified mail, return receipt requested, as follows:

Jason C. Webster
Heidi O. Vicknair
Omar R. Chawdhary
David A. Spradling
Russell Serafin
The Webster Law Firm
6200 Savoy, Suite 150
Houston, TX 77036

Errol J. King, Jr.
Daniel P. Guillory
Baker Donelson Bearman Caldwell &
Berkowitz, PC
450 Laurel Street, 20th Floor
Baton Rouge, Louisiana 70801
Karen D. Smith
Baker Donelson Bearman Caldwell &
Berkowitz, PC
1301 McKinney St., Suite 3700
Houston, TX 77010


*s/ Mitchell A. Reid*
Mitchell A. Reid

HOU:3710817.1