# EXHIBIT B

FILED
DALLAS COUNTY
6/24/2016 10:15:12 AM
FELICIA PITRE
DISTRICT CLERK

Christi Underwood

4 CITS SOS-ATTY

4 CITS-ATTY

DC-16-07609
CAUSE NO. _____

| | | |
|---|---|---|
| ADVANCED PHYSICIANS, S.C. | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | DALLAS COUNTY, TEXAS |
| | § | |
| | § | |
| CONNECTICUT GENERAL LIFE | § | |
| INSURANCE COMPANY; CIGNA | § | |
| HEALTH AND LIFE INSURANCE | § | |
| COMPANY; CIGNA HEALTHCARE | § | |
| MANAGEMENT INC; GREAT-WEST | § | |
| HEALTHCARE-CIGNA; NATIONAL | § | |
| CARE NETWORK, LLC; DATA ISIGHT; | § | |
| NATIONAL CARE NETWORK, LLC d/b/a | § | |
| DATA ISIGHT; And MULTIPLAN, INC. | § | |
| | § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED PETITION AND REQUESTS FOR DISCLOSURE

COMES NOW, ADVANCED PHYSICIANS, S.C. ("Plaintiff") complaining of and against CONNECTICUT GENERAL LIFE INSURANCE COMPANY, CIGNA HEALTH AND LIFE INSURANCE COMPANY, CIGNA HEALTHCARE MANAGEMENT INC., GREAT-WEST HEALTHCARE-CIGNA, NATIONAL CARE NETWORK, LLC, DATA ISIGHT, NATIONAL CARE NETWORK, LLC D/B/A DATA ISIGHT and MULTIPLAN, INC. (Collectively "Defendants") and would respectfully show the Court as follows:

### I. DISCOVERY LEVEL

1.1    Plaintiff intends to conduct discovery under Level III of the Texas Rules Civil Procedure §190.3 and the Plan provided by the Court.

### II. PARTIES

2.1.    Plaintiff, Advanced Physicians, S.C., is a business incorporated in the state of Illinois.

2.2. Defendant, Connecticut General Life Insurance Company, is a Connecticut corporation doing business in the state of Texas that may be served through the Texas Secretary of State at 900 Cottage Grove Road, Bloomfield, CT 06002.

2.3. Defendant, CIGNA Health and Life Insurance Company is a subsidiary of Connecticut General Life Insurance Company and a Connecticut company doing business in the state of Texas that may be served through the Texas Secretary of State at 900 Cottage Grove Road, Bloomfield, CT 06002.

2.4. Defendant, CIGNA Healthcare Management, Inc., is a subsidiary of Connecticut General Life Insurance Company and a Connecticut corporation doing business in the state of Texas that may be served through its registered agent: CT Corporation, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201.

2.5. Defendant, Great-West Healthcare-CIGNA, is a subsidiary of Connecticut General Life Insurance Company and a Connecticut corporation doing business in the state of Texas that may be served through the Texas Secretary of State at 900 Cottage Grove Road, Bloomfield, CT 06002.

2.6. Defendant, National Care Network, LLC ("NCN"), is a corporation doing business in the state of Texas and may be served through its registered agent for service: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

2.7. Defendant, Data iSight, is a company doing business in the state of Texas but does not maintain a registered agent for service of process and therefore, may be served through the Texas Secretary of State at 222 West Las Colinas Boulevard, Suite 1500, Irving, Texas 75039.

2.8. Defendant, National Care Network, LLC d/b/a Data iSight, is a corporation doing business in the state of Texas and may be served through its registered agent for service: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

2.9. Defendant Multiplan, Inc. is a corporation incorporated in Florida, headquartered in New York, and doing business in the state of Texas and may be served through its registered agent for service: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### III.   JURISDICTION AND VENUE

3.1. This Court has jurisdiction over the controversy because damages are within the jurisdictional limits of the Court.

3.2. Furthermore, venue is proper in Dallas County, Texas under Texas Civil Practice and Remedies Code §15.002(a)(3) because it is the county of Defendant NCN, Data iSight and/or National Care Network, LLC d/b/a Data iSight's principal office and said Defendant is not a natural person.

3.3. At this time, no claims encompassed by ERISA nor any federal question are incorporated in this petition, therefore there is no federal jurisdiction to predicate removal of this action. Further, Plaintiff is an out of network provider as to any policy which may be involved making the claims involved herein outside of the Federal ERISA statutes.

### IV.   ASSUMED AND COMMON NAMES

4.1 Pursuant to Rule 28 of the Texas Rules of Civil Procedure, Plaintiffs hereby give Defendants notice that they are being sued in all of their business or common names regardless of whether such businesses are partnerships, unincorporated associations, individuals, entities, or

private corporations.

## V. JURISDICTION OVER ALL DEFENDANTS IN THE STATE OF TEXAS

5.1   It does not offend "traditional notions of fair play and substantial justice" to require any of the defendants to defend themselves in this forum, since each of them formulates, administers, adjusts claims and distributes insurance agreements and plans used in interstate and international commerce, including the State of Texas. Accordingly, the contacts, ties and relations of each of the defendants to the State of Texas are sufficient to give rise to the exercise of personal jurisdiction over them by courts in the State of Texas.

## VI. FACTS

6.1.   Plaintiff, Advanced Physicians, is a multi-disciplinary clinic which provides evaluation, diagnostic services, medical management, therapy, rehabilitation and pain management to its patients. Plaintiff is an out-of-network medical provider as to Defendant Cigna. Since Advanced Physicians is out-of-network with Defendant Connecticut General Life Insurance Company, CIGNA Health and Life Insurance Company, CIGNA Healthcare Management, Inc., and GWH-CIGNA (hereinafter "Cigna entities") involved herein, Defendants NCN, Data iSight, National Care Network, LLC d/b/a Data iSight, and Multiplan prepare repricing agreements for a reduced contracted rate of payment that Advanced Physicians will accept for the medical care provided to a patient that has coverage through the Cigna entities. After engaging in this practice for a lengthy period of time, Cigna entities began denying all claims submitted by Advanced Physicians. The meritless bases for denial demonstrate bad faith on the part of Cigna entities based upon the agreements facilitated by NCN, Data iSight, National Care Network, LLC d/b/a Data iSight, and Multiplan. Further evidence of bad faith is demonstrated by the denial of claims whenever Plaintiff's tax identification number was used, regardless of the procedure or

patient to which the claim was related. Plaintiff timely responded to the denials, but Defendants have failed to remit the payments as required.

6.2. As a result of each Defendants' actions and/or inactions, Plaintiff has suffered severe damages.

## VII. NEGLIGENCE

7.1. Plaintiff realleges and incorporates by reference the foregoing paragraphs of the Original Petition.

7.2. The Cigna entities have failed to act as a reasonably prudent insurance company would under the same or similar circumstances. Specifically, the Cigna entities have acted negligently in the following ways:

    a. Failing to timely investigate an insurance claim;

    b. Failing to make a reasonable investigation of an insurance claim;

    c. Failing to accept a valid insurance claim; and,

    d. Denying an insurance claim without a reasonable and timely explanation.

7.3 Further, Defendants NCN, Data iSight, National Care Network, LLC d/b/a Data iSight, and Multiplan have failed to act as a reasonably prudent repricing company would under the same or similar circumstances. Specifically, they have acted negligently in the following way:

    a. Failing to timely investigate an insurance claim;

    b. Failing to make a reasonable investigation of an insurance claim;

    c. Failing to accept a valid insurance claim;

    d. Denying an insurance claim without a reasonable and timely explanation; and,

    e. Making a representation(s) that supplied false information upon which the Plaintiff relied.

## VIII. TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA") AND UNFAIR INSURANCE PRACTICES

8.1. Plaintiff realleges and incorporates by reference the foregoing paragraphs of the Original Petition.

8.2. Defendants have violated the Texas Deceptive Trade Practices Act for which Plaintiff seeks damages within the jurisdictional limits of this Court. Specifically, Defendants, by and through its agents, servants and/or employees: 1) knowingly and/or intentionally engaged in a false, misleading or deceptive act or practice that Plaintiff relied on to their detriment and was a producing cause of damages to Plaintiff; 2) knowingly and/or intentionally engaged in unconscionable business conduct which was a producing cause of damages to Plaintiff; 3) knowingly and/or intentionally failed to comply with an express and/or implied warranty which was a producing cause of damages to Plaintiff; and/or, 4) failed to disclose or misrepresented its services which was known at the time of the contract in order to induce Plaintiff into a contract they would not otherwise have entered. In addition, these acts are more specifically described below:

8.3. Defendants violated the following sections of the Texas Business & Commerce Code Section 17.46(b) et seq., as follows:

> 5) representing that goods or services have sponsorship, approval, characteristics, ingredients, used, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection it does not;
>
> (7) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;
>
> (12) representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by

    law; and/or,

(24) failing to disclose information concerning goods or services which was known at the time of the transaction with the intention to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

8.4. Defendants, by and through its agents, servants and/or employees, have violated Texas Insurance Code §541.051 by engaging in an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to:

(1) make, issue, or circulate or cause to be made, issued, or circulated an estimate, illustration, circular, or statement misrepresenting with respect to a policy issued or to be issued:

  (A) the terms of the policy; and/or,

  (B) the benefits or advantages promised by the policy.

8.5. Defendants, by and through its agents, servants and/or employees, have violated Texas Insurance Code §541.060 by engaging in:

UNFAIR INSURANCE PRACTICES

(a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:

(1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue; and/or,

(2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:
 (A) a claim with respect to which the insurer's liability has become reasonably clear; or
 (B) a claim under one portion of a policy with respect to which the insurer's liability has become reasonably clear to influence the claimant to settle another claim under another portion of the coverage unless payment

*Plaintiff's Original Petition and*                          7
*Requests for Disclosure*

under one portion of the coverage constitutes evidence of liability under another portion; and/or,

(3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim; and/or,

(4) failing within a reasonable time to:

(A) affirm or deny coverage of a claim to a policyholder; or

(B) submit a reservation of rights to a policyholder; and/or,

(5) refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy; and/or,

(6) undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim; and/or,

(7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

8.6. Defendants, by and through its agents, servants and/or employees, have violated Texas Insurance Code §542.003:

UNFAIR CLAIM SETTLEMENT PRACTICES PROHIBITED.

(a) An insurer engaging in business in this state may not engage in an unfair claim settlement practice.

*Plaintiff's Original Petition and* 8
*Requests for Disclosure*

(b) Any of the following acts by an insurer constitutes unfair claim settlement practices:

(1) knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue;

(2) failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy;

(3) failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies;

(4) not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear;

(5) compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder;

(6) failing to maintain the information required by Section 542.005; or

(7) committing another act the commissioner determines by rule constitutes an unfair claim settlement practice.

8.7. All of these facts taken together or one at a time were the legal cause of the claims and injury suffered by Plaintiff.

## IX. LATE PAYMENT OF CLAIMS

9.1. Plaintiff realleges and incorporates by reference the foregoing paragraphs of the Original Petition.

9.2. Plaintiff had a claim to be reimbursed under an insurance policy and gave proper notice of its claim to the Cigna entities. These Defendants were liable for the claim and violated Texas Insurance Code §542 by not timely: (1) acknowledging, investigating, or requesting information

about the claim, (2) accepting, rejecting, or extending the deadline for deciding the claim, or (3) paying the claim.

### X. COMMON LAW FRAUD

10.1. Plaintiff realleges and incorporates by reference the foregoing paragraphs of the Original Petition.

10.2. Defendants committed fraud for which Plaintiff seeks damages within the jurisdictional limits of this Court, which includes attorneys' fees. Specifically, Defendants represented to Plaintiff that if Defendants prepared agreements for a reduced contracted rate of payment that Plaintiff would accept for the medical care provided to a patient that has coverage through Cigna, that it would pay that contracted rate. The representations made by Defendants to Plaintiff was material and at all times false.

10.3. When the Defendants made the representations, the Defendants knew the representations were false and/or made the representations recklessly, as a positive assertion, and without knowledge of its truth. Furthermore, the representations were made with the intent that Plaintiff act on it, Plaintiff did in fact act on said representations, which caused the damages complained of in this suit.

### XI. QUANTUM MERIUT

11.1. Plaintiff realleges and incorporates by reference the foregoing paragraphs of the Original Petition.

11.2. Plaintiff provided valuable services for the Defendants which was accepted by the Defendants. The Defendants had reasonable notice that the Plaintiff expected compensation for

the services provided by Plaintiff. The Defendants did not compensate Plaintiff for the services provided to dozens of insureds.

## XII. PROMISSORY ESTOPPEL

12.1 Plaintiff realleges and incorporates by reference the foregoing paragraphs of the Original Petition.

12.2. The Defendants made a promise of payment to the Plaintiff for services, pursuant to the agreements executed, which Plaintiff reasonably and substantially relied on to Plaintiff's detriment. Plaintiff's reliance was reasonably foreseeable by the Defendants and injustice can be avoided only by enforcing the Defendants' promise to Plaintiff.

## XIII. CONSPIRACY/CONCERT OF ACTION/ASSISTING, ENCOURAGING AND PARTICIPATING

13.1. Plaintiff realleges and incorporates by reference the foregoing paragraphs of the Original Petition.

13.2. Plaintiff alleges that Defendants formed an agreement, which made its basis to accomplish an unlawful purpose or a lawful purpose by unlawful means. The Defendants had a meeting of the minds on the stated object or course of action – to withhold payment of legitimate claims submitted by Plaintiff. One or more of the Defendants committed an unlawful, overt act to further the objective of the conspiracy or course of action. That is, Defendants agreed to unlawfully deny each and every claim submitted by Plaintiff. Furthermore, the Plaintiff suffered injury as a proximate result of the wrongful act.

13.3 Further, Plaintiff alleges that all Defendants acted in concert and all Defendants planned arranged and/or agreed together to further their scheme, cause and negligent acts, all to the Plaintiff's damages.

13.4 Further, Plaintiff alleges that all Defendants assisted, encouraged and participated with each other in the commission of the scheme, cause and negligent acts, all to the Plaintiff's damages.

### XIV. THEFT

14.1 Plaintiff realleges and incorporates by reference the foregoing paragraphs of the Original Petition.

14.2 Plaintiff alleges that it provided services to numerous individuals, for which it was entitled to compensation for its services. Defendants have refused to pay Plaintiff and therefore, has committed theft of its services by avoiding payment, all in violation of the Theft Liability Act (TLA), Tex. Civ. Prac. & Rem. Code, §§ 134.001-134.005.

14.3 Plaintiff alleges that it was a third party beneficiary to any and all contracts by and between its patients and the Defendants as those patients were entitled to use the services of the Plaintiff and Defendants were required to pay for those services. Defendants have refused to pay Plaintiff for its services and said refusal is a theft pursuant to the Texas Penal Code, § 31.

### XV. GROSS NEGLIGENCE

15.1. Plaintiff realleges and incorporates by reference the foregoing paragraphs of the Original Petition.

15.2. The acts and/or omissions of the Defendants, as set forth herein, were also such knowing and willful acts and/or omissions, they constitute malicious, willful, wanton, grossly negligent

and/or reckless conduct by withholding payment of legitimate claims in violation of the agreements in place. Said acts and/or omissions proximately caused or contributed to Plaintiff's damages as such give rise to, and warrant, the imposition by a jury of significant punitive damages in an amount to be determined by the jury of no more than $10 million dollars against Defendants.

## XVI. ATTORNEYS' FEES

16.1. Plaintiff realleges and incorporates by reference the foregoing paragraphs of the Original Petition.

16.2. Plaintiff seeks to recover its reasonable and necessary attorneys' fees and costs incurred in connection with prosecuting this action under, without limitation, Chapter 37 of the Texas Civil Practice and Remedies Code.

## XVII. JURY DEMAND

17.1. Plaintiff hereby demands a trial of this action by jury on all issues and has paid the appropriate fee.

## XVIII. REQUESTS FOR DISCLOSURE

18.1. Under Texas Rules of Civil Procedure 194, Plaintiff requests that Defendants disclose, within (50) days of service of the request, the information material described in Rule 194.2.

## XIX. RULE 193.7 NOTICE

19.1. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to all Defendants that any and all documents produced may be used against the Defendant producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XX. PRAYER

Plaintiff respectfully requests that Defendants be cited to appear and answer, and that on final trial hereof, Plaintiff be issued judgment against these Defendants for the following:

a. An award of both actual damages and consequential damages;

b. An award of exemplary damages;

c. Equitable relief as requested above;

d. Reasonable and necessary attorneys' fees;

e. Costs of court;

f. Prejudgment and post-judgment interest; and

g. Such other and further relief at law or in equity to which Plaintiff may be justly entitled.

Respectfully submitted,

THE WEBSTER LAW FIRM

By: /s/ *Jason C. Webster*
JASON C. WEBSTER
Texas State Bar No. 24033318
HEIDI O. VICKNAIR
Texas State Bar No. 24046557
OMAR R. CHAWDHARY
Texas Bar No. 24082807
DAVID A. SPRADLING
Texas Bar No. 24099976
RUSSELL SERAFIN, *Of Counsel*
Texas Bar No. 18031500
6200 Savoy, Suite 150
Houston, TX 77036
(713) 581-3900
(713) 581-3907 (facsimile)
filing@thewebsterlawfirm.com

**ATTORNEYS FOR PLAINTIFF**