UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ADVANCED PHYSICIANS, S.C.,   )  <br> )  <br> Plaintiff,   )  <br> )  <br> VS.   )  <br> )  <br> CONNECTICUT GENERAL LIFE   )  <br> INSURANCE COMPANY, ET AL.,   )  <br> )  <br> Defendants.   )  | CIVIL ACTION NO. <br><br> 3:16-CV-2355-G |

**MEMORANDUM OPINION AND ORDER**

Before the court is the plaintiff's motion to remand this case to the state court from which it was previously removed (docket entry 18). For the reasons stated below, the plaintiff's motion is denied.

I. BACKGROUND

On June 24, 2016, the plaintiff, Advanced Physicians, S.C. ("AP") commenced this action in the 116th Judicial District Court of Dallas County, Texas against various health insurance providers. Defendants' Notice of Removal at 1 (docket entry 1). AP is a medical clinic incorporated in the state of Illinois. *See* Plaintiff's First Amended Petition ("Amended Petition") ¶¶ 2.1, 6.1 (docket entry 1-7). AP and

the defendants agreed that AP would provide medical care for a reduced rate to patients who are insured by the defendants. *Id.* ¶ 6.1. In breach of the agreement, AP contends that the defendants improperly denied all insurance claims submitted by AP. *Id.*

On August 12, 2016, the defendants removed the action to federal court. Defendants' Notice of Removal (docket entry 1). On September 9, 2016, AP filed the instant motion to remand the case. Plaintiff's Motion to Remand to State Court ("Motion") (docket entry 18). The defendants timely responded to AP's motion on October 7, 2016. Data Isight, Multiplan, Inc., and National Care Network, LLC's Objection to Plaintiff's Motion to Remand ("NCN Objection") (docket entry 21); Cigna Health and Life Insurance Company, Cigna Healthcare Management, Inc., and Connecticut General Life Insurance Company's Objection to AP's Motion to Remand ("Cigna Objection") (docket entry 22). AP's motion is now ripe for decision.

II. ANALYSIS

A. Legal Standard

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993).

However, the removal statute must be strictly construed because "removal jurisdiction raises significant federalism concerns." *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988); see also *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).  Therefore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (Means, J.); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941).  The party seeking removal bears the burden of establishing federal jurisdiction.  *Willy*, 855 F.2d at 1164.

There are two principal bases upon which a district court may exercise removal jurisdiction: the existence of a federal question, *see* 28 U.S.C. § 1331, and complete diversity of citizenship among the parties.  *See* 28 U.S.C. § 1332.  The court can properly exercise jurisdiction on the basis of diversity of citizenship after removal only if three requirements are met:  (1) the parties are of completely diverse citizenship, *see* 28 U.S.C. § 1332(a); (2) none of the properly joined defendants is a citizen of the state in which the case is brought, *see* 28 U.S.C. § 1441(b); and (3) the case involves an amount in controversy of more than $75,000, *see* 28 U.S.C. § 1332(a).[*]

---

[*] AP does not contest that the amount in controversy exceeds $75,000. Therefore, the court's analysis is limited to whether complete diversity exists between the parties.

A corporation is a citizen of (1) the state where it was incorporated and (2) the state of its principal place of business. 28 U.S.C. § 1332(c)(1). However, the citizenship of a limited liability company is determined by the citizenship of all of its members. See, *e.g.*, *Harvey v. Grey Wolf Drilling Company*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted); *Greene v. Moody*, 2010 U.S. Dist. LEXIS 59309, at *2 (N.D. Tex. June 14, 2010) (Fish, J.). A limited liability company's state of incorporation and principal place of business are irrelevant for determining whether diversity jurisdiction exists. See *Harvey*, 542 F.3d at 1080; *Bank of America, N.A. v. Fulcrum Enterprises, LLC*, 608 Fed. App'x 284, 284-85 (5th Cir. 2015) (holding that a pleading is facially insufficient to establish diversity jurisdiction when it does not allege the citizenship of a limited liability company's members).

### B. Application

Here, AP fails to point out the citizenship of the defendant National Care Network, LLC ("NCN, LLC")'s members. AP simply contends that there is not complete diversity between the parties because NCN, LLC's headquarters is located in Irving, Texas. *See* Motion at 8. NCN, LLC has submitted evidence that its sole member is NCN Acquisition Corporation ("NAC"). NCN Objection at 6. NAC is incorporated in the state of Delaware with its principal place of business in the state of New York. *Id.* at 7-8. Thus, NCN, LLC is a citizen of Delaware and New York for diversity purposes. AP does not contend that it is a citizen of either state.

Therefore, complete diversity exists between AP and NCN, LLC and the court has diversity jurisdiction over the case.

### III. CONCLUSION

For the reasons stated above, the plaintiff's motion is **DENIED**.

**SO ORDERED**.

December 8, 2016.

_____
**A. JOE FISH**
**Senior United States District Judge**