UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADVANCED PHYSICIANS, S.C. | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | |
| CONNECTICUT GENERAL LIFE | § | 3:16-CV-2355-G |
| INSURANCE COMPANY; CIGNA | § | |
| HEALTH AND LIFE INSURANCE | § | |
| COMPANY; CIGNA HEALTHCARE | § | |
| MANAGEMENT, INC.; GREAT-WEST | § | |
| HEALTHCARE-CIGNA; NATIONAL | § | |
| CARE NETWORK, LLC; DATA ISIGHT; | § | |
| NATIONAL CARE NETWORK, LLC d/b/a | § | |
| DATA ISIGHT; and MULTIPLAN, INC. | § | |
| | § | |
| *Defendants* | § | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

Advanced Physicians, S.C. ("Advanced") files this second amended complaint against Connecticut General Life Insurance Company, Cigna Health and Life Insurance Company, Cigna Healthcare Management, Inc., Great-West Healthcare-Cigna, National Care Network, LLC, Data Isight, National Care Network, LLC d/b/a Data Isight and Multiplan, Inc. and would respectfully show the Court as follows:

### PARTIES

1. Advanced is a service corporation organized under the laws of the state of Illinois with its principal place of business in Illinois.

2. Defendant, Connecticut General Life Insurance Company, is a Connecticut corporation doing business in the state of Texas that may be served through the Texas Secretary of State at 900 Cottage Grove Road, Bloomfield, CT 06002.

3.     Defendant, CIGNA Health and Life Insurance Company is a subsidiary of Connecticut General Life Insurance Company and a Connecticut company doing business in the state of Texas that may be served through the Texas Secretary of State at 900 Cottage Grove Road, Bloomfield, CT 06002.

4.     Defendant, CIGNA Healthcare Management, Inc., is a subsidiary of Connecticut General Life Insurance Company and a Connecticut corporation doing business in the state of Texas that may be served through its registered agent: CT Corporation, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201.

5.     Defendant, Great-West Healthcare-CIGNA, is a subsidiary of Connecticut General Life Insurance Company and a Connecticut corporation doing business in the state of Texas that may be served through the Texas Secretary of State at 900 Cottage Grove Road, Bloomfield, CT 06002.

6.     Defendant, National Care Network, LLC ("NCN"), is a corporation doing business in the state of Texas and may be served through its registered agent for service: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

7.     Defendant, Data iSight, is a company doing business in the state of Texas but does not maintain a registered agent for service of process and therefore, may be served through the Texas Secretary of State at 222 West Las Colinas Boulevard, Suite 1500, Irving, Texas 75039.

8.     Defendant, National Care Network, LLC d/b/a Data iSight, is a corporation doing business in the state of Texas and may be served through its registered agent for service: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th

Street, Suite 620, Austin, Texas 78701-3218.

9. Defendant Multiplan, Inc. is a corporation incorporated in Florida, headquartered in New York, and doing business in the state of Texas and may be served through its registered agent for service: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION AND VENUE

10. Jurisdiction is proper in this Court pursuant to 29 U.S.C. § 1132(e), 28 U.S.C. § 1331, and because complete diversity exists between the parties pursuant to 28 U.S.C. § 1332, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11. Venue is proper in this district and division pursuant to 28 U.S.C. § 1441 because this is the district and division encompassing the state court from which this case was removed. In addition, venue is appropriate based upon 29 U.S.C. § 1132(e)(2) because it is a district where a defendant resides or may be found. Finally, venue is appropriate under 28 U.S.C. § 1391(b)(1) and (3).

## CONDITIONS PRECEDENT

12. All conditions precedent necessary to maintain this case have been performed or have occurred.

## FACTS

13. Advanced is a multi-disciplinary clinic which provides evaluation, diagnostic services, medical management, therapy, rehabilitation and pain management to its patients.

14. Among the patients seen and evaluated by Advanced are certain former National Football League players and their dependents (collectively "Patients"). The Patients are beneficiaries under the NFL Player Insurance Plan (the "Plan") which provides health and welfare

benefits to Patients in accordance with the 2011 Collective Bargaining Agreement between the NFL Management Council (the "Council") and the NFL Players Association. Individual NFL teams make contributions to the NFL Player Insurance Trust which then funds the cost of the benefits of the Plan. The Plan qualifies as an ERISA governed Plan.

15.     The Plan is administered by the Council which has discretionary authority to interpret the Plan and resolve fact questions. However, the Council has delegated this authority to "Cigna." The Summary Plan Description states that the Council "has delegated the discretionary authority to apply the terms of the Plan and to make factual determinations to (1) Cigna in connection with all claims for Self-Funded Benefits." In addition, the Summary Plan Description recites that the self-funded benefits "are administered under an administrative service only ('ASO') contract with Cigna." In yet a different part of the Summary Plan Description, Cigna is described as the third party administrator for the Plan.

16.     Upon information and belief, the medical benefits portion of the Plan is self-funded through the NFL Player Insurance Trust.

17.     Upon information and belief, Cigna carries out its responsibilities to the Plan and its participants through its subsidiaries including defendants Connecticut General Life Insurance Company, Cigna Health and Life Insurance Company, Cigna Healthcare Management, Inc., and Great-West Healthcare-Cigna (hereinafter "Cigna entities") and through agreements with the non-Cigna defendants NCN, Data iSight, National Care Network, LLC d/b/a Data iSight, and Multiplan.

18.     Advanced is an out-of-network medical provider with respect to the Plan.

19.     Advanced provided medical treatment to more than one hundred Patients who were beneficiaries under the Plan. In exchange for the care Advanced provided, each Patient

executed irrevocable assignment of benefits to Advanced which assigned the Patient's rights to payment from an insurance company and further assigned any cause of action the Patient has against any insurance company for payment of medical charges.

20. Advanced submitted multiple claims for the Patients to Cigna. All claims submitted by Advanced to Cigna for treatment to the Patients were for covered benefits under the Plan. The responses to the claims from Cigna were either (1) no response, (2) that benefits were not payable because the injury or illness was covered by worker's compensation or occupationally related expenses are not covered, (3) the procedures were not medically necessary.

21. Advanced began treating retired NFL players in 2007. In 2007, Advanced treated approximately three retired NFL players for various ailments. Even though Advanced was an out-of-network provider for the Plan, Advanced would submit claims to Cigna at usual and customary rates and received payment with minimal problems. The number of retired NFL players who sought treatment from Advanced increased between 2007 and 2014. Beginning in 2014, some Advanced claims for Plan Patients were submitted to Cigna's "repricing" companies NCN and Multiplan. Advanced reached agreements with NCN and Multiplan for rate reductions on some claims. Following agreement to the repricing agreements, Advanced was reimbursed by Cigna in accordance with the repricing agreements. Although Advanced never marketed its medical services to retired NFL players as a group, through patient referrals, the number of retired NFL players seeking medical care from Advanced increased through the years to over one hundred by 2014.

22. Beginning in June of 2015, Advanced discovered that many claims it submitted to Cigna for treatment provided to Plan Patients had not been processed. Advanced learned from Cigna that all of its claims had been pulled at random for an audit. Over the next several months,

Cigna employees began to tell Advanced employees that they could no longer speak with them. Cigna informed Advanced that the medical director determined that the treatments provided by Advanced were being denied as worker's compensation related, which Cigna determined were not covered under the Plan.

23. In August of 2015, Advanced was informed by Cigna that "the NFL had issues" with Advanced treatment of retired NFL players. In addition, Cigna informed Advanced that the NFL Players Association was aware of Advanced's position and there was nothing that could be done. Although the Council delegated the discretionary authority to apply the terms of the Plan and to make factual determinations to Cigna, Cigna allowed the Council and other NFL entities to dictate whether Advanced's claims were covered by the Plan.

24. On August 24, 2015, Advanced received a certified letter from Cigna which essentially stated that all of the claims submitted by Advanced were "work related" and the Plan does not cover "charges for an illness that is covered by Workers' Compensation or similar law." Cigna made this determination despite the fact that not one of the Patients had a pending workers' compensation case and limitations had long expired for any workers' compensation claim.

25. Cigna operates as the administrator of the Plan under a conflict of interest which led to the denial of Advanced's claims.

26. Cigna continues to deny payment of the claims submitted by Advanced. Cigna's failure to pay the claims constitutes a breach of the Plan and an abuse of discretion.

## ERISA VIOLATIONS

27. The allegations contained in paragraphs 1-26 are incorporated by reference as if fully set forth herein.

28. All of the Patients for which Advanced submitted claims are participants or

beneficiaries of the Plan.

29.     The Patients have assigned their rights as participants or beneficiaries in the Plan to Advanced with respect to the medical treatment Advanced provided to the Patients.  As a result, Advanced has standing to pursue claims of the Patients against Cigna.

30.     The Cigna Defendants and non-Cigna Defendants together exercise actual control over the Plan and exercised discretionary control over the allowance or non-allowance of Advanced's claims.

31.     Advanced is entitled to relief pursuant to 29 U.S.C. § 1132 (a)(1)(A) and (B), and (3) because Defendants failed to pay the claims in accordance with the Plan. In addition, Advanced is entitled to a declaratory judgment and injunction to prevent Cigna's further violations of the Plan.

## DAMAGES AND OTHER RELIEF SOUGHT

32.     The allegations contained in paragraphs 1-31 are incorporated by reference as if fully set forth herein.

33.     Advanced has suffered damages in the amount of the claims submitted to Defendants which were not paid.

34.     Advanced also seeks to recover its reasonable and necessary attorneys' fees and costs incurred in connection with prosecuting this action pursuant to 29 U.S.C. § 1132(g).

35.     Advanced seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 *et. seq.* that the Plan prohibits blanket denials of claims because they illness or injury may be work related unless a workers' compensation claim is pending or can legally be filed at the time services are rendered.

36.     Advanced seeks a permanent injunction prohibiting Cigna from violating the terms of the Plan on future claims on the same basis that it denied the present claims.

# PRAYER

Plaintiff respectfully requests that Defendants be cited to appear and answer, and that on final trial hereof, Plaintiff be issued judgment against these Defendants for the following:

a. An award of both actual damages in the amount of the denied claims;

b. Equitable relief as requested above;

c. Reasonable and necessary attorneys' fees;

d. Costs of court;

e. Prejudgment and post-judgment interest; and

f. Such other and further relief at law or in equity to which Plaintiff may be justly entitled.

Respectfully submitted,

**CAPSHAW & ASSOCIATES**
3500 Maple Ave.
Suite 1100
Dallas, Texas  75219
Telephone No.  (214) 761.6610
Telecopier No.  (214) 761.6611

By:  _/s/ Steven E. Aldous_____
**STEVEN E. ALDOUS**
State Bar No. 00982100
saldous@forsheyprostok.com
**FORSHEY & PROSTOK, LLP**
500 Crescent Court
Suite 240
Dallas, Texas 75201
Ph.  (214) 716-2100
Fx.  (817) 877-4151

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the above and foregoing document has been served, via electronic filing, on all counsel of record on this the 3rd day of February, 2017.

<em>/s/ Steven E. Aldous</em>