UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ADVANCED PHYSICIANS, S.C., )
)
Plaintiff, )
) CIVIL ACTION NO.
VS. )
) 3:16-CV-2355-G
CONNECTICUT GENERAL LIFE )
INSURANCE COMPANY, ET AL., )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendants Cigna Health and Life
Insurance Company, Cigna Healthcare Management Inc., Connecticut General Life
Insurance Company, Great-West Healthcare-Cigna, and the NFL Player Insurance
Plan ("Plan") to dismiss the plaintiff Advanced Physicians, S.C. ("AP")'s claims
against them (docket entry 73). For the reasons stated below, the motion is granted
in part and denied in part.

## I. BACKGROUND

This case arose in light of the defendants' allegedly improper denial of all
insurance claims submitted by AP on behalf of patient-beneficiaries under the terms
of a healthcare coverage plan. Plaintiff's Third Amended Complaint ("Third

Amended Complaint") ¶¶ 27, 30, 40 (docket entry 59).  Among AP's list of patients are former NFL players and their dependents.  *Id.* ¶ 11.  The Plan provides health and welfare benefits to patient-beneficiaries.  *Id.* ¶ 12.  To fund the cost of the Plan's benefits, individual NFL teams provide contributions to the NFL Player Insurance Trust.  *Id.*  According to AP, the Plan falls under the auspices of the Employee Retirement Income Security Act ("ERISA").  *Id.*

The NFL Management Council ("Council") administers the Plan and has discretionary authority to interpret the Plan and resolve factual questions.  *Id.* ¶ 13.  In an exercise of its discretion, the Council has delegated this authority to Cigna.  *Id.*  According to AP, Cigna carries out its obligations to the Plan through multiple subsidiaries, a number of which are named as defendants in the case.  *Id.* ¶ 15.

AP alleges that between 2007, when AP first began treating retired NFL players, and 2014, Cigna paid the claims AP submitted in the regular course of business.  *Id.* ¶¶ 18-19.  AP also asserts that it procured valid assignments of rights from its patient-beneficiaries.  *Id.* ¶¶ 17, 43.

In 2015, Cigna began refusing to pay any of AP's claims.  See *id.* ¶ 21.  According to AP, rather than pay the claims as it had done previously, Cigna contended that all of the services AP provided to the patient-beneficiaries were covered by workers' compensation or that the care was for work-related injuries.  Cigna has maintained that neither type of case falls within the Plan's coverage.  *Id.*

¶¶ 23-27. In response to the defendants' conduct, on June 24, 2016, AP commenced this suit in the 116th Judicial District Court of Dallas County, Texas. Defendants' Notice of Removal at 1 (docket entry 1). On August 12, 2016, the defendants removed the action to federal court. Defendants' Notice of Removal. After the court denied AP's motion to remand the case to state court (docket entry 33), and the defendants filed multiple motions to dismiss followed by the plaintiff's motions for leave to amend its complaint (*see*, *e.g.*, docket entries 34, 35, 40), on April 20, 2017, AP filed its Third Amended Complaint. Third Amended Complaint.

In its Third Amended Complaint, AP asserts claims for: (1) monetary relief in light of the defendants' failure to pay AP's submitted claims, 29 U.S.C. § 1132(a)(1)(B); (2) injunctive and declaratory relief to prevent further violations of the Plan in light of the defendants' alleged abuse of discretion in failing to pay AP's claims, 29 U.S.C. § 1132(a)(1)(B); (3) the relief prescribed in 29 U.S.C. § 1132(c), in light of the defendants' refusal to supply AP with requested information, 29 U.S.C. § 1132(a)(1)(A); and (4) injunctive relief against the defendant Cigna to prohibit its future use of a flagging system, which AP deems harmful and discriminatory, 29 U.S.C. § 1132(a)(3). Third Amended Complaint ¶¶ 44-47.

On May 25, 2017, the defendants Connecticut General Life Insurance Company, CIGNA Health and Life Insurance Company, CIGNA Healthcare

Management, Inc.,[1] Great-West Healthcare-CIGNA, and the Plan, filed a joint motion to dismiss. Motion to Dismiss Plaintiff's Third Amended Complaint (the "Defendants' Motion") (docket entry 73); Memorandum of Law in Support of Defendants' Joint Motion to Dismiss Plaintiff's Third Amended Complaint ("Defendants' Brief") (docket entry 74). On June 12, 2017, AP filed a timely response to the defendants' motion. Advanced Physicians, S.C. Response to Defendants' Joint Motion to Dismiss Plaintiff's Third Amended Complaint ("AP's Response") (docket entry 75). Subsequently, on June 29, 2017, the defendants filed a reply. Defendants' Reply (docket entry 78). The defendants' motion is now ripe for decision.

## II. ANALYSIS

### A. Legal Standards

#### 1. *Rule 12(b)(1)*

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the dismissal of a case for lack of jurisdiction over the subject matter. *See* FED. R. CIV. P. 12(b)(1). A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction must be considered by the court before any other challenge because "the court must

---

[1]     Although AP referred to this defendant as CIGNA Healthcare Management, Inc., the defendants advised the court that the entity is actually named Cigna Health Management, Inc. *See* Reply in Support of Defendants' Joint Motion to Dismiss ("Defendants' Reply") at 1 n.1 (docket entry 78).

find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted); see also *Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 577 (1999) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception") (citation and internal quotation marks omitted). On a Rule 12(b)(1) motion, which "concerns the court's 'very power to hear the case . . . [,] the trial court is free to weight the evidence and satisfy itself as to the existence of its power to hear the case.'" *MDPhysicians & Associates, Inc. v. State Board of Insurance*, 957 F.2d 178, 181 (5th Cir.) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)), *cert. denied*, 506 U.S. 861 (1992). Once jurisdiction is challenged, the burden rests on the party seeking to invoke the court's jurisdiction to prove that jurisdiction is proper. *Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 516 U.S. 1071 (1996).

Because the question of standing is an issue of subject matter jurisdiction, a party may contest standing through a Rule 12(b)(1) motion to dismiss. See *Little v. Texas Attorney General*, No. 3:14-CV-3089-D, 2015 WL 5613321, at *2 n.5 (N.D. Tex. Sept. 24, 2015) (Fitzwater, J.) (citing *Lee v. Verizon Communications, Inc.*, 954 F. Supp. 2d 486, 496 (N.D. Tex. 2013) (Fitzwater, Chief J.)). To establish standing under Article III, a plaintiff must satisfy, at minimum, three constitutional requirements: "injury in fact, a 'fairly traceable' causal link between that injury and

the defendant's conduct, and the likelihood that the injury will be 'redressed by a favorable decision.'" *Cadle Company v. Neubauer*, 562 F.3d 369, 371 (5th Cir. 2009) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

A Rule 12(b)(1) motion on standing grounds can either facially or factually challenge the complaint. See *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); see also *Rapid Tox Screen LLC v. Cigna Healthcare of Texas Inc.*, No. 3:15-CV-3632-B, 2017 WL 3658841, at *3 (N.D. Tex. Aug. 24, 2017) (Boyle, J.). A party mounts a facial challenge when it files a 12(b)(1) motion without providing evidence. *MacKenzie v. Castro*, No. 3:15-CV-0752-D, 2016 WL 3906084, at *2 (N.D. Tex. July 19, 2016) (Fitzwater, J.). A party mounts a factual challenge, by contrast, when it provides evidence to support its motion to dismiss. *Id.* In either instance, whether the challenge is facial or factual, the burden of proof remains on the party asserting jurisdiction. See *id.* (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam), *cert. denied*, 536 U.S. 960 (2002)).

In this case, the defendants filed their Rule 12(b)(1) motion but failed to produce any additional evidence to transform their challenge from facial to factual. Therefore, as the Fifth Circuit concluded in *Paterson*, "[s]ince here we have only a 'facial attack' and not a 'factual attack,' [the court's] review is limited to whether the [Third Amended] [C]omplaint is sufficient to allege the jurisdiction." *Paterson*, 644 F.2d at 523. If the allegations in the complaint, presumed true, sufficiently allege a

claim for relief, then the complaint stands and the court must entertain the suit.  See *Rapid Tox Screen*, 2017 WL 3658841, at *3 (citing *Paterson*, 644 F.2d at 523); see also *Crowder v. Village of Kaufman, Ltd.*, 3:09-CV-2181-M, 2010 WL 2710601, at *1 (N.D. Tex. July 7, 2010) (Lynn, J.) ("A 12(b)(1) motion that challenges standing based on the pleadings is considered a facial attack, and the court reviews only the sufficiency of the allegations in the pleading, presuming them to be true.").

### 2.  *Rule 12(b)(6)*

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (internal quotation marks, brackets, and citation omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).  "The court accepts all well-pleaded facts as true, viewing them in

the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id.* The plausibility principle does not convert the Rule 8(a)(2) notice pleading standard to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id.* at 678. The plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting FED. R. CIV. P. 8(a)(2)). The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiff's

allegations "nudge" its claims against the defendants "across the line from conceivable to plausible." See *id.* at 679, 683.

## B. Application

### 1. *AP's Standing to Sue under ERISA*

With respect to the Rule 12(b)(1) portion of their motion, the defendants make two primary arguments. First, the defendants contend that AP's claim under 29 U.S.C. §§ 1132(a)(1)(A) and 1132(c), for refusal to provide information, and its claim for injunctive relief pursuant to 29 U.S.C. § 1132(a)(3) (counts 3 and 4) should be dismissed because, to the extent AP has standing to sue, the scope of that standing should be narrowly construed so as to not extend to claims for relief under those particular sections of ERISA. *See* Defendants' Brief at 8; Defendants' Reply 2-4. Second, the defendants argue that AP's other claims for relief, pursuant to 29 U.S.C. § 1132(a)(1)(B) (counts 1 and 2), should be dismissed because AP's standing, to the extent that it exists, only covers suits against "insurance companies" for payment of medical services. Defendants' Brief at 9; Defendants' Reply at 5-6. According to the defendants, because the Plan is technically a self-funded benefit plan and not an insurance company, AP lacks standing to sue the defendants for payment of medical services. Defendants' Brief at 9; Defendants' Reply at 5-6. The following two sections address each of the defendants' arguments in turn.

## a. AP's Standing to Assert Non-Benefits Claim
### (Counts 3 and 4)

The defendants argue that AP lacks standing to sue on its claim under 29 U.S.C. §§ 1132(a)(1)(A) and 1132(c), for refusal to provide information, and its claim for injunctive relief pursuant to 29 U.S.C. § 1132(a)(3). Defendants' Brief at 8; Defendants' Reply at 2-4. The defendants do not contest the availability of derivative standing stemming from the valid assignments of patient-beneficiaries, but rather they argue that the alleged assignments in this case should be narrowly construed so as not to provide standing for AP to bring the above-mentioned "non-benefits" claims. Defendants' Brief at 8; Defendants' Reply at 2-4.

"It is well established that a healthcare provider, though not a statutorily designated ERISA beneficiary, may obtain standing to sue derivatively to enforce an ERISA plan beneficiary's claim." *Harris Methodist Fort Worth v. Sales Support Services Incorporated Employee Health Care Plan*, 426 F.3d 330, 333-34 (5th Cir. 2005) (citing *Tango Transport v. Healthcare Financial Services LLC*, 322 F.3d 888, 893 (5th Cir. 2003)). Under Fifth Circuit precedent, for a third-party to obtain standing to assert an ERISA claim, the beneficiary must expressly and knowingly assign the claim to the third-party. See *Texas Life Accident, Health & Hospital Service Insurance Guaranty Association v. Gaylord Entertainment Company*, 105 F.3d 210, 218 (5th Cir.) ("[O]nly an express and knowing assignment of an ERISA fiduciary breach claim is valid."), *cert. dism'd*, 521 U.S. 1113 (1997). "This is so because a plan participant's assignee is

considered a beneficiary of the plan and, therefore, may bring litigation to collect benefits owed under the plan." *Rapid Tox Screen*, 2017 WL 3658841, at *4 (quoting *North Cypress Medical Center Operating Company v. CIGNA Healthcare*, 782 F. Supp. 2d 294, 300 (S.D. Tex. 2011)) (internal quotation marks omitted).

"An assignment is 'a manifestation to another person by the owner of a right indicating his intention to transfer, without further action or manifestation of intention, his right to such other person or third person.'" *Harris Methodist Fort Worth*, 426 F.3d at 334 (quoting *Wolters Village Management Company v. Merchants & Planters National Bank of Sherman*, 223 F.2d 793, 798 (5th Cir. 1955)). Further, "it is generally true that 'an assignee takes all of the rights of the assignor, no greater and no less[.]'" *Federal Deposit Insurance Corporation v. McFarland*, 243 F.3d 876, 887 n.42 (5th Cir. 2001). "Once a valid assignment is made, the assignor's right to performance by the obligor is extinguished in whole or in part and the assignee acquires a right to such performance." *Harris Methodist Fort Worth*, 426 F.3d at 334 (citation and internal quotation marks omitted).

Here, the defendants argue that even if the assignments AP purports to have obtained did confer AP with standing for some rights previously held by patient-beneficiaries, the scope of that derivative standing does not extend to cover non-benefits claims. Defendants' Brief at 8; Defendants' Reply at 2-4. Many courts have held that assignments of ERISA benefits claims do not necessarily also include rights

to bring non-benefits claims. *Texas General Hospital, LP v. United Healthcare Services, Inc.*, No. 3:15-CV-2096-M, 2016 WL 3541828, at *8 (N.D. Tex. June 28, 2016) (collecting cases) (citing *Sanctuary Surgical Center, Inc. v. Aetna Inc.*, 546 Fed. App'x 846, 852 (11th Cir. 2013), *cert. denied*, __ U.S. __, 134 S.Ct. 1557 (2014)) (Lynn, J.); see also *Mid-Town Surgical Center, L.L.P. v. Humana Health Plan of Texas, Inc.*, 16 F. Supp. 3d 767, 775 (S.D. Tex. 2014) (concluding that an assignment of "surgical and/or Medical Benefits" was insufficient to assign non-benefits ERISA claims). This trend is unsurprising given the requirement that assignments must be effectuated with knowledge and an express conferral of rights on the part of the assignor. Yet, AP contends that its Third Amended Complaint contains allegations that the assignments it purports to have procured from the patient-beneficiaries are broad enough to include non-benefits claims. AP's Response at 4, 6.

At this early stage, the assignments on which AP relies are not attached to the Third Amended Complaint or to the defendants' motion, and are not otherwise presently before the court. In fact, as will be discussed below, AP actually provides conflicting descriptions of the exact nature and scope of the assignments it claims to have obtained from patient-beneficiaries. *See* Third Amended Complaint ¶¶ 17, 43. Therefore, because the court is unable to assess the scope of AP's alleged assignments at this juncture, the court cannot now definitively determine whether the scope of AP's alleged assignments extends to non-benefits claims.

Nonetheless, given the nature of the Rule 12(b)(1) standard in the context of a facial challenge to the plaintiff's standing, the court is satisfied that AP has alleged enough facts in its Third Amended Complaint to establish derivative standing. With only the Third Amended Complaint in hand, the court finds AP's contention -- that it procured assignments from the patient-beneficiaries broad enough in scope to confer AP with derivative standing for these non-benefits claims -- plausible.

### b. AP's Standing to Assert Benefits Claims
### (Counts 1 and 2)

The defendants round out their Rule 12(b)(1) challenge by arguing that because the Plan is not an insurance company, but rather a self-funded benefit plan, and AP's alleged assignments only extend to cover suits against insurance companies, the court should dismiss AP's claims under 29 U.S.C. § 1132(a)(1)(B). Defendants' Brief at 9; Defendants' Reply at 5-6. In advancing their challenge, the defendants seem to rely on the following language from AP's Third Amended Complaint:

> In exchange for the care [AP] provided, each Patient executed irrevocable assignment of benefits to [AP] which authorizes [AP] to release any information concerning the Patient's condition in order to process any claim for reimbursement of charges the Patient incurred at [AP], assigned the Patient's rights to receive payment from an *insurance company*, and further assigned any cause of action the Patient has against any *insurance company* for payment of medical charges, and authorizes [AP] to prosecute the assigned action as [AP] sees fit.

Third Amended Complaint ¶ 17 (emphasis added).

According to the defendants, "because a self-funded plan does not constitute insurance, an assignment of the right to recover insurance benefits or to receive insurance proceeds does not confer [AP] with derivative standing to maintain claims for benefits against a self-funded plan." Defendants' Reply at 5. AP, however, points to a different portion of its Third Amended Complaint, paragraph 43, in an attempt to demonstrate the broad scope of the assignments it allegedly obtained. Specifically, that section of the Third Amended Complaint states, "[t]he Patients have assigned their rights as participants or beneficiaries in the Plan and their causes of action against the Plan to [AP]." Third Amended Complaint ¶ 43.

The defendants have cited two cases from other districts, *Biohealth Medical Laboratory, Inc. v. Connecticut General Life Insurance Company*, No. 1:15-CV-23075-KMM, 2016 WL 375012 (S.D. Fla. Feb. 1, 2016), and *Medical University Hospital Authority/Medical Center of the Medical University of South Carolina v. Oceana Resorts, LLC*, No. 2:11-CV-1522, 2012 WL 683938 (D.S.C. Mar. 2, 2012), to support their argument that assignments referring to claims for benefits against insurance companies should not be read to include claims for benefits against self-funded benefits plans. Defendants' Brief at 9; Defendants' Reply at 5-6. There is one important difference, however, between those cases and the case presently before the court. In each of the defendants' cases, the court was presented with the actual language from the assignments in question. See *Biohealth Medical Laboratory*, 2016

WL 375012, at *3 (quoting language from the assignment); *Oceana Resorts*, 2012 WL 683938, at *2 (quoting, in full, the assignment found in patient consent forms). Here, by contrast, the alleged assignments are not before the court and, instead, the court is left to interpret the descriptions found in AP's Third Amended Complaint.

Thus, as discussed above, because the court is unable to fully evaluate the scope of the alleged assignments based solely on the content of AP's Third Amended Complaint, and, further, because the court finds it plausible that the assignments in question are broad enough to cover all of AP's ERISA claims, it would be inappropriate to dismiss those claims on standing grounds at this time. The court thereby concludes that AP pleaded enough in its Third Amended Complaint to pass muster and survive a 12(b)(1) facial attack. For these reasons, the court concludes that AP has standing to assert each of its ERISA claims, and the court therefore denies the Rule 12(b)(1) portion of the defendants' motion.

### 2. *Sufficiency of AP's Third-Amended Complaint*

With respect to the Rule 12(b)(6) portion of their motion, the defendants advance three arguments. First, the defendants contend that the court should dismiss AP's claims under 29 U.S.C. § 1132(a)(1)(B) because AP's Third Amended Complaint does not include sufficient facts to place the defendants on notice as to which specific eligible claims they allegedly failed to pay and which provisions of the Plan the defendants have allegedly violated. Defendants' Brief at 11; Defendants'

Reply at 6.  Second, the defendants assert that AP "has not demonstrated it exhausted, or even attempted to exhaust the Plan's mandated administrative remedies for the alleged denial of any of the . . . claims prior to filing this suit." Defendants' Brief at 10; Defendants' Reply at 7-8.  Third, the defendants argue that AP's claim for injunctive relief under 29 U.S.C. § 1132(a)(3) should be dismissed in light of Supreme Court and Fifth Circuit precedent that has limited the applicability of 29 U.S.C. § 1132(a)(2) to beneficiaries -- and their assigns -- who cannot otherwise seek relief under 29 U.S.C. § 1132(a)(1)(B).  *See* Defendants' Brief at 14-15; Defendants' Reply at 8-9.  The court addresses each argument in turn.

a.  The Sufficiency of AP's Factual Allegations for its
Claims under 29 U.S.C. § 1132(a)(1)(B)
(Counts 1 and 2)

The defendants first contend that because the Third Amended Complaint fails to allege any specific facts about the claims for which it seeks recovery, the defendants are not sufficiently on notice as to which benefits they allegedly owe AP. Defendants' Brief at 11; Defendants' Reply at 6.

In asserting claims for benefits under ERISA, a plaintiff must allege in its complaint enough facts about an ERISA plan's provisions to make a 29 U.S.C. § 1132 claim plausible and provide the defendant notice as to which provisions it allegedly breached.  *Texas General Hospital, LP*, 2016 WL 3541828, at *4 (citing *Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 969 (E.D. Tex.

2011)). "Absent such allegations, a complaint fails to state a claim under [29 U.S.C. § 1132(a)(1)(B)]." *Id.* (citing *Paragon Office Services LLC v. UnitedHealthcare Insurance Company, Inc.*, No. 3:11-CV-2205-D, 2012 WL 5868249, at *2 (N.D. Tex. Nov. 20, 2012) (Fitzwater, Chief J.)). After reviewing the pleadings, the court agrees with the defendants and concludes that AP has failed to plead sufficient factual allegations to survive a Rule 12(b)(6) challenge.

"A plaintiff who brings a claim for benefits under ERISA must identify a specific plan term that confers the benefit in question." *Paragon Office Services*, 2012 WL 5868249, at *2; see also *Innova Hospital San Antonio, L.P. v. Blue Cross and Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d 587, 600-01 (N.D. Tex. 2014) (O'Connor, J.) (collecting cases). In *Paragon Office Services*, the Northern District of Texas granted the defendant's Rule 12(b)(6) motion to dismiss where the plaintiff's amended complaint failed to identify a specific term of the plan that the defendant had allegedly violated, and further, the plaintiff merely claimed that the defendant refused to pay some claims while arbitrarily paying others. *Id.* at 3. Similarly, in *Innova Hospital*, the court dismissed the plaintiff's ERISA claims where the plaintiff failed to identify a specific plan term to notify the defendants of their alleged violations, and, further, the plaintiff merely asserted that the defendants "did not reimburse the amounts due under the terms of the plans." *Id.* at 601-02 ("Plaintiff's general allegations that [the defendants] did not reimburse the amounts due under

the terms of the plans, without further factual assertions about the plans' terms, fall short of the plausibility requirement.").

Yet, in some previous cases, even after failing to identify specific plan terms, plaintiffs nonetheless were able to withstand a Rule 12(b)(6) challenge based on the sufficiency of their factual allegations. In *Texas General Hospital*, for example, the court rejected the defendant's Rule 12(b)(6) motion where the plaintiffs made, in the court's view, sufficient factual allegations as to the terms of the plans the defendants had allegedly violated, and provided both a number and a time frame as to the alleged violations to place the defendants on notice. *Texas General Hospital*, 2016 WL 3541828, at \*4; see also *Grand Parkway Surgery Center, LLC v. Health Care Service Corporation*, No. H-15-0297, 2015 WL 3756492, at \*4 (S.D. Tex. June 16, 2015); *In re WellPoint, Inc. Out-of-Network "UCR" Rates Litigation*, 865 F. Supp. 2d 1002, 1040 (C.D. Cal. 2011).

Here, AP alleges that it "provided medical treatment to more than one hundred Patients who were beneficiaries under the Plan," all of whom executed assignments conveying their rights under the Plan to AP. Third Amended Complaint ¶¶ 17, 20. AP also alleges that from 2007 to 2014, "Cigna paid the claims [submitted by AP under the Plan] in the regular course of business." *Id.* ¶ 19. AP goes on to allege that in June 2015, the defendants altered their course of dealings and began denying all of AP's claims, whether submitted under the Plan or not. *Id.*

¶¶ 21, 30.  The most detail that the Third Amended Complaint offers is a chronological overview of the breakdown of the parties' business dealings, and allegations that the defendants regularly flagged and mislabeled AP's claims in violation of the Plan.  See *id.* ¶¶ 21-33.  Although the Third Amended Complaint provides some specificity, AP provides neither a specific term of the Plan nor the type of factual allegations deemed sufficient in cases like *Texas General Hospital*.  See *Texas General Hospital*, 2016 WL 3541828, at *4 (concluding the plaintiff's allegation that "[a]ll of the Plans require reimbursement of medical expenses incurred by United [s]ubscribers at usual, customary, and reasonable rates," when combined with its other factual allegations, was sufficient to survive a 12(b)(6) challenge).

Therefore, as to counts (1) and (2), the court concludes that AP's Third Amended Complaint does not state a plausible claim for relief and is insufficient to place the defendants on notice as to the claims for which AP seeks recovery and the benefits that are allegedly payable.  The motion to dismiss on this ground is therefore granted.

### b.  AP's Alleged Failure to Exhaust Administrative Remedies
(Counts 1-4)

The defendants next assert that the court should dismiss each of AP's ERISA claims based on its alleged failure to exhaust all available administrative remedies. Defendants' Brief at 11-14; Defendants' Reply at 7-8.  In response, AP argues -- convincingly -- that because failure to exhaust administrative remedies is an

- 19 -

affirmative defense rather than a jurisdictional bar, dismissal under Rule 12(b)(6) would be inappropriate. AP's Response at 10-13.

In 2007, in the context of the Prison Litigation Reform Act, the Supreme Court held that exhaustion is an affirmative defense, and that plaintiffs need not "specially plead or demonstrate exhaustion in their complaints" to avoid a dismissal under Rule 12(b)(6). *Wilson v. Kimberly-Clark Corporation*, 254 Fed. App'x 280, 287 (5th Cir. 2007) (quoting *Jones v. Block*, 549 U.S. 199, 216 (2007)). Similarly, though the Fifth Circuit generally requires claimants seeking benefits from an ERISA plan to first exhaust their available administrative remedies, "[e]xhaustion of administrative remedies . . . is not a jurisdictional bar; it is an affirmative defense." *Rapid Tox Screen*, 2017 WL 3658841, at *8 (quoting *North Cypress Medical Center Operating Center*, 782 F. Supp. 2d at 303); see also *Crowell v. Shell Oil Company*, 541 F.3d 295, 308-09 (5th Cir. 2008) ("We have never construed the ERISA exhaustion doctrine strictly as a jurisdictional bar and have referred to it as a defense.") (internal brackets and quotation marks omitted). "A complaint is not subject to dismissal under Rule 12(b)(6) because it fails to allege facts disproving a possible affirmative defense." *American Surgical Assistants, Inc. v. Great West Healthcare of Texas, Inc.*, H-09-0646, 2010 WL 565283, at *2 (S.D. Tex. Feb. 17, 2010) (citing *Hall v. Hodgkins*, 305 Fed. App'x 224, 228 n.1 (5th Cir. 2008)).

In light of the above precedent, the defendants argue for an exception to the rule that exhaustion of administrative remedies is an affirmative defense. Defendants' Reply at 7. Specifically, "[a]n exception to [the ERISA exhaustion rule] may apply if the plaintiff has alleged facts plainly indicating that an affirmative defense does apply." *American Surgical Assistants, Inc.*, 2010 WL 565283, at *2. Although this exception may apply in limited circumstances, at this stage, AP is not required to plead facts to defeat the defendants' exhaustion defense. Therefore, because AP's Third Amended Complaint does not plainly indicate the success of the defendants' affirmative defense, the court concludes that the exception does not apply.[2] Based on well-established Fifth Circuit precedent, the court does not find it appropriate -- at the present procedural posture -- to dismiss AP's claims for failure to allege exhaustion of all administrative remedies.

### c. AP's Breach of Fiduciary Duty Claim under 29 U.S.C. § 1132(a)(3) (Count 4)

In its Third Amended Complaint, AP asserts a cause of action pursuant to 29 U.S.C. § 1132(a)(3) for injunctive relief in light of the defendants' alleged breach of

---

[2] In fact, the Third Amended Complaint includes allegations that, even if the defendants later prove that AP failed to exhaust all available administrative remedies, may nonetheless trigger the futility exception to the exhaustion requirement. See *Bourgeois v. Pension Plan for Employees of Santa Fe International Corporations*, 215 F.3d 475, 479 (5th Cir. 2000) ("This court has recognized an exception to the affirmative defense of failure to exhaust administrative remedies when such attempts would be futile.").

their fiduciary duties. Third Amended Complaint ¶ 47; *see also* AP's Response at 14. The defendants challenge AP's claim by citing Supreme Court and Fifth Circuit precedent that, in their view, prevents a plaintiff from asserting both a 29 U.S.C. § 1132(a)(3) claim and a 29 U.S.C. § 1132(a)(1)(B) claim in the same suit. *See* Defendants' Brief at 14-15; Defendants' Reply at 8-9. In response, AP contends that its claim for injunctive relief under 29 U.S.C. § 1132(a)(1)(B) is not duplicative of its 29 U.S.C. § 1132(a)(3) claim, and further, that 29 U.S.C. § 1132(a)(1)(B) does not itself provide adequate redress for the particular acts which make up this case. AP's Response at 14-16. Specifically, through a separate 29 U.S.C. § 1132(a)(3) claim, AP seeks to enjoin the defendants -- Cigna in particular -- from "flagging" its tax identification number when processing AP's claims. AP's Response at 15. According to AP, it is unable to seek this specific relief through a 29 U.S.C. § 1132(a)(1)(B) claim. *Id.*

In *Varity Corporation v. Howe*, 516 U.S. 489 (1996), the Supreme Court concluded that 29 U.S.C. § 1132(a)(3) authorizes lawsuits by individuals for equitable relief for breach of fiduciary duty and other injuries "by violations that [§ 1132] does not elsewhere adequately remedy." *Id.* at 512; see also *Hager v. Nationsbank Corporation Pension Plan*, No. 3:97-CV-1726-G, 1999 WL 1044498, at *3 (N.D. Tex. Nov. 17, 1999) (Fish, J.). Further, in *Tolson v. Avondale Industries, Inc.*, 141 F.3d 604 (5th Cir. 1998), the Fifth Circuit held that "[b]ecause [the plaintiff]

has adequate redress for disavowed claims through his right to bring suit pursuant to section 1132(a)(1), he has no claim for breach of fiduciary duty under section 1132(a)(3)." *Id.* at 610.

District courts are divided on whether simultaneous pleading of claims under 29 U.S.C. § 1132(a)(1)(B) and § 1132(a)(3) is permissible under Supreme Court and Fifth Circuit precedent. See *North Cypress Medical Center Operating Company*, 782 F. Supp. 2d at 309 (S.D. Tex. 2011).

On the one hand, some courts, including the Southern District of Texas, have taken a "more expansive approach," and have found it "premature to dismiss [a plaintiff's] [§ 1132(a)(3)] claim solely on the basis that [it] has sufficiently pled a claim under [§ 1132(a)(1)(B)]." *Id.*; see also *Fredericks v. Hartford Life Insurance Company*, 488 F. Supp. 2d 210, 213 (N.D. N.Y. 2007) ("Even if the claims are duplicative, there has been no binding authority holding that a plaintiff cannot plead both claims."). On the other hand, courts like the Northern District of Texas have taken a more restrictive view of Supreme Court and Fifth Circuit precedent, holding instead that simultaneous pleading of 29 U.S.C. § 1132(a)(1)(B) and § 1132(a)(3) is simply impermissible. See *Texas General Hospital*, 2016 WL 3541828, at *9; *Bernstein v. Citigroup Inc.*, No. 3:06-CV-0209-M, 2006 WL 2329385, at *8 (N.D. Tex. July 5, 2006) (Lynn, J.) (citing *Rhorer v. Raytheon Engineers & Constructors, Inc.*, 181 F.3d 634, 639 (5th Cir. 1999) ("[I]t is readily apparent from [the plaintiff's] complaint that her

claim to recover plan benefits is the predominate cause of action in this suit.

Accordingly, because § 1132(a)(1)(B) affords [her] an avenue for legal redress, she

may not simultaneously maintain her claim for breach of fiduciary duty.")); *Blum v.*

*Spectrum Restaurant Group-Employees Group Life and Supplemental Life Plan*, Nos. 4:02-

CV-92, 4:02-CV-98, 2003 WL 302218, at *2 (E.D. Tex. Feb. 10, 2003) ("Because

[the plaintiff] is currently pursuing a claim against the relevant plans for benefits,

under the law of this circuit, she cannot simultaneously sue [the defendants] for

breach of fiduciary duty.").

    In this case, AP implicitly invites the court to take the more expansive

interpretation, while the defendants assert that the more restrictive approach is

appropriate.  The court agrees with the latter view.  Because it is plain from the Third

Amended Complaint that the root of AP's suit is its claim for payment of benefits

under the Plan, the court is satisfied that AP still has an adequate avenue for redress

through its claim under 29 U.S.C. § 1132(a)(1)(B) -- assuming that AP can cure the

above-mentioned deficiencies in its complaint.  See *McCall v. Burlington*

*Northern/Sante Fe Company*, 237 F.3d 506, 512 (5th Cir. 2000) ("When a beneficiary

wants what was supposed to have been distributed under a plan, the appropriate

remedy is a claim for denial of benefits under [§ 1132(a)(1)(B)] of ERISA rather than

a fiduciary duty claim brought pursuant to [§ 1132(a)(3)]."), *cert. denied*, 534 U.S.

822 (2001).  Based on the weight of precedent, AP is barred from bringing a separate

claim for injunctive relief under 29 U.S.C. § 1132(a)(3).  The motion to dismiss on this ground is therefore granted.

### III.  CONCLUSION

For the reasons stated above, the defendants' motion is **GRANTED** in part and **DENIED** in part.  Although the court denies the Rule 12(b)(1) portion of the defendants' motion, it grants the Rule 12(b)(6) portion of the defendants' motion to dismiss as to claims (1), (2), and (4).  Accordingly, claims (1), (2), and (4) of AP's Third Amended Complaint are **DISMISSED** without prejudice.  AP shall have leave to amend its complaint to cure the pleading defects described above -- if it can -- provided that AP's amended complaint is filed and served no later than **November 7, 2017**.

**SO ORDERED**.

October 27, 2017.

A. Joe Fish
_____
**A. JOE FISH**
**Senior United States District Judge**