UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ADVANCED PHYSICIANS S.C., )
 )
      Plaintiff, )
 )    CIVIL ACTION NO.
VS. )
 )    3:16-CV-2355-G
CONNECTICUT GENERAL LIFE )
INSURANCE COMPANY, ET AL., )
 )
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendants Cigna Health and Life Insurance Company, Cigna Healthcare Management Inc., Connecticut General Life Insurance Company, Great-West Healthcare-Cigna, and the NFL Player Insurance Plan (the "Plan") to dismiss the claims stated in the plaintiff Advanced Physicians, S.C. ("AP")'s latest amended complaint (docket entry 84). For the reasons set forth below, the defendants' motion is granted in part and denied in part.

### I. BACKGROUND

A full recitation of the factual and procedural background of this case is provided in the court's memorandum opinion and order issued on October 27, 2017. *See generally* Memorandum Opinion and Order (docket entry 80). In that order, the court dismissed without prejudice the plaintiff's first, second, and fourth claims

against the defendants. *Id.* at 25. However, the court afforded the plaintiff an opportunity to amend its complaint to cure the deficiencies contained therein. *Id.* On November 7, 2017, in compliance with this court's order, AP filed a new amended complaint. Plaintiff's Fourth Amended Complaint ("Fourth Amended Complaint") (docket entry 81).

On November 28, 2017, the defendants filed a joint motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants' Joint Motion to Dismiss Plaintiff's Fourth Amended Complaint ("Defendants' Motion") at 1. On December 8, 2017, AP filed a response to the motion. Advanced Physicians, S.C. Response to Defendants' Joint Motion to Dismiss Plaintiff's Fourth Amended Complaint ("AP's Response") (docket entry 85). Shortly thereafter, the defendants filed a reply. Defendants' Reply in Support of their Motion to Dismiss Plaintiff's Fourth Amended Complaint ("Defendants' Reply") (docket entry 86). The defendants' motion is now ripe for decision.

## II. ANALYSIS

### A. Legal Standard

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182

(2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks, brackets, and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id.* The plausibility principle does not convert the Rule 8(a)(2) notice pleading standard to a "probability requirement," but "a sheer possibility that a

defendant has acted unlawfully" will not defeat a motion to dismiss. *Id.* at 678. The plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)). The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiff's allegations "nudge" its claims against the defendants "across the line from conceivable to plausible." See *id.* at 679, 683.

B. Application

From the outset, it appears that the plaintiff now concedes the futility of repleading, in identical form, its claim for relief under 29 U.S.C. § 1132(a)(3). *See* AP's Response at 6. In light of the plaintiff's concession, the court finds it appropriate to dismiss that claim with prejudice. As such, the only remaining issue before the court is whether AP's claims under § 1132(a)(1)(B) are sufficient to survive a Rule 12(b)(6) challenge.

In asserting claims for benefits under ERISA, a plaintiff must allege in its complaint enough facts about an ERISA plan's provisions to make a § 1132 claim plausible and provide the defendant notice as to which provisions it allegedly

breached.  *Texas General Hospital, LP v. United Healthcare Services, Inc.*, No. 3:15-CV-2096-M, 2016 WL 3541828, at *4 (N.D. Tex. June 28, 2016) (Lynn, Chief J.) (citing *Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 969 (E.D. Tex. 2011)).  "Absent such allegations, a complaint fails to state a claim under [29 U.S.C. § 1132(a)(1)(B)]." *Id.* (citing *Paragon Office Services, LLC v. UnitedHealthcare Insurance Company, Inc.*, No. 3:11-CV-2205-D, 2012 WL 5868249, at *2 (N.D. Tex. Nov. 20, 2012) (Fitzwater, Chief J.)).

"A plaintiff who brings a claim for benefits under ERISA must identify a specific plan term that confers the benefit in question." *Paragon Office Services*, 2012 WL 5868249, at *2; see also *Innova Hospital San Antonio, L.P. v. Blue Cross and Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d 587, 601-02 (N.D. Tex. 2014) (O'Connor, J.) ("Plaintiffs' general allegations that [the defendants] did not reimburse the amounts due under the terms of the plans, without further factual assertions about the plans' terms, fall short of the plausibility requirement.").  In some previous cases, however, even after failing to provide specific plan terms, plaintiffs nonetheless were able to withstand Rule 12(b)(6) challenges based on the sufficiency of their factual allegations.  In *Texas General Hospital*, for example, the court rejected the defendant's Rule 12(b)(6) motion where the plaintiffs made, in the court's view, sufficient factual allegations as to the terms of the plans the defendant had allegedly violated, and provided both the number of the alleged violations, and the time period during which

they occurred, to place the defendants on notice. *Texas General Hospital*, 2016 WL 3541828, at *4.

In another case, *Grand Parkway Surgery Center, LLC v. Health Care Service Corporation*, No. H-15-0297, 2015 WL 3756492 (S.D. Tex. June 16, 2015), the Southern District of Texas concluded that the plaintiff's factual allegations -- in particular, "that the plan terms 'allow for reimbursement of reasonable and necessary medical expenses at usual and customary rates' and that [the defendant] made reimbursement at drastically reduced rates" -- were sufficient to withstand a Rule 12(b)(6) challenge. *Id.* at *4. Even though the plaintiff in *Grand Parkway* failed to identify which of its claims involved ERISA plans and which involved private plans, the court determined that the plaintiff's references to specific plan terms were sufficient to warrant denial of the motion to dismiss. See *id.*

Before the Memorandum Opinion and Order of October 27, 2017 issued, AP alleged generally that the defendants paid the claims it submitted in the regular course of business until June 2015, when the defendants altered their course of dealings and began denying all of AP's submitted claims. *See* Plaintiff's Third Amended Complaint ¶¶ 19-30 (docket entry 59). After the court dismissed the plaintiff's § 1132(a)(1)(B) claims, AP amended its complaint in an effort to cure the factual deficiencies found in its previous pleadings. *See* Fourth Amended Complaint.

AP provides more detailed factual allegations in its Fourth Amended Complaint. Specifically, in paragraph 16, AP provides allegations about key terms of the Plan. *Id.* ¶ 16. According to AP, the defendants have refused to provide the actual Plan document and, as such, AP relies on the summary plan description[1] in describing the relevant terms of the Plan. *Id.* ¶ 16 n.1. AP alleges that the Plan "will pay beneficiaries of the Plan 80% of 'in network' medical expenses and 70% of out-of-network medical expenses," and, further, that AP "is an out-of-network medical provider with respect to the Plan." *Id.* ¶ 16. Continuing, AP's Fourth Amended Complaint also describes the types of services covered under the Plan, "x-rays, MRIs, chiropractic services, physical therapy, physician visits, pain management services, and orthopedic evaluations," and provides a ballpark estimate, "more than one hundred," of the number of Plan beneficiaries AP treated. *Id.* ¶ 17. Further, AP contends that the defendants violated the terms of the Plan by denying repayment on the inappropriate and unwarranted presumption that the patients' treatment was for work related injuries. *Id.* ¶ 27. This new complaint makes clear that AP's primary allegation is that the "[d]efendants violated the terms of the Plan by failing to pay

---

[1] As AP describes in its Fourth Amended Complaint and response to the defendants' motion to dismiss, the summary plan description is designed as a source of information for plan beneficiaries and "must reasonably apprise [plan] participants and beneficiaries of their rights and obligations under the plan." Fourth Amended Complaint ¶ 16 n.1; AP's Response at 2-3 (quoting 29 U.S.C. § 1024(b)(1)).

[AP] for covered medical expenses at the 70% reimbursement called for in the Plan." See *id.* ¶ 35.

The defendants maintain that the Fourth Amended Complaint, like its predecessors, is insufficient because it "fails to provide basic information regarding the patients and claims, such as dates of service, claim numbers, amounts charged, and the services alleged to have been provided." Defendants' Motion at 7. The defendants also point out that AP "made no effort to describe the services it provided to the patients for which it seeks benefits." *Id.* at 8. In their reply, the defendants appear to argue that the only reason the courts in *Texas General Hospital* and *Grand Parkway* denied the motions to dismiss was because the plaintiffs in those cases provided detailed spreadsheets of non-payments and underpayments. *See* Defendants' Reply at 2-3.

The court disagrees with the defendants' contentions. The Third Amended Complaint's principal deficiency was its failure to identify specific plan terms or provide sufficient factual assertions about those terms. Memorandum Opinion and Order at 18-19. Unlike its previous attempts, AP's Fourth Amended Complaint provides detailed factual allegations as to the terms in question as well as descriptions of the defendants' actions that, according to AP, violated those terms. Because AP's Fourth Amended Complaint contains enough facts to "nudge" their § 1132(a)(1)(B) claims "across the line from conceivable to plausible," the court denies the

defendants' request for dismissal of those claims.  *Iqbal*, 556 U.S. at 679, 683; see also *Texas General Hospital*, 2016 WL 3541828, at *4.  If AP's remaining claims contain any additional deficiencies, the defendants can address those deficiencies through a motion for summary judgment.

### III.  CONCLUSION

For the reasons stated above, the defendants' motion is **GRANTED** in part and **DENIED** in part.  The plaintiff's claim for relief under 28 U.S.C. § 1132(a)(3) is **DISMISSED** with prejudice, but the portion of the defendants' motion challenging the sufficiency of the plaintiff's claims for relief under 28 U.S.C. § 1132(a)(1)(B) is **DENIED**.

**SO ORDERED**.

March 27, 2018.

_____
**A. JOE FISH**
**Senior United States District Judge**