IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADVANCED PHYSICIANS, S.C, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:16-cv-02355-G (BT) |
| | § | |
| CONNECTICUT GENERAL LIFE | § | |
| INSURANCE COMPANY, CIGNA | § | |
| HEALTH AND LIFE INSURANCE | § | |
| COMPANY, CIGNA HEALTHCARE | § | |
| MANAGEMENT, INC., GREAT-WEST | § | |
| HEALTHCARE-CIGNA and NFL | § | |
| PLAYER INSURANCE PLAN, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Advanced Physicians, S.C.'s ("Advanced") Motion to Compel (ECF No. 110), seeking to compel the production of documents that Defendants Connecticut General Life Insurance Company, Cigna Health and Life Insurance Company, Cigna Healthcare Management, Inc., Great-West Healthcare-Cigna (collectively, "Cigna"), and NFL Player Insurance Plan, (together with Cigna, "Defendants") claim are protected by the attorney-client privilege. For the reasons discussed below, the Court DENIES Advanced's Motion.

## **Background**

Advanced is a healthcare provider that provided chiropractic and medical diagnostic services to certain beneficiaries of the NFL Player Insurance Plan (the "Plan"). Mot. 1; Fourth Am. Compl. 3 (ECF No. 81). Cigna makes determinations

1

on claims filed under the Plan. JSR 11 (ECF No. 116). Beginning in 2015, Cigna denied the claims of beneficiaries who received services from Advanced because Cigna determined the underlying injuries were "work-related" and treatment for work-related injuries is not compensable under the Plan. Fourth Am. Compl. 6-7. Those Plan beneficiaries assigned "their rights as participants or beneficiaries in the Plan and their causes of action against the Plan to Advanced." *Id.* 13; Defs.' Ex. A (ECF No. 127-1). Advanced then sued Cigna for violations of the Employee Retirement Income Security Act of 1974 ("ERISA") under 29 U.S.C. § 1132 to recover benefits it claimed the beneficiaries were entitled to under the Plan. Mot. 1; Fourth Am. Compl. 2, 12-13. As part of this lawsuit, on August 8, 2018, Advanced served written discovery, requests for production and interrogatories, on Cigna, which objected on privilege grounds, among others. Mot. 1-2; JSR 5.

As a result, Plaintiff filed its Motion to Compel. In lieu of response and reply briefs, the parties submitted a Joint Status Report per the Court's January 29, 2019 Order. JSR; Order (ECF No. 111). At the March 19, 2019 hearing on the Motion, the Court and the parties further narrowed the issues in dispute such that the only remaining issue concerned whether Advanced could assert the fiduciary exception to the attorney-client privilege to gain access to Cigna's privileged documents. Accordingly, the Court ordered the parties to submit supplemental briefs on that issue and required Cigna to submit 25 representative documents from its privilege log for in camera review. Order (ECF No. 129). The parties timely filed their supplemental briefs, Pl.'s Supp. Br. (ECF No. 128); Defs.' Supp. Br. (ECF No. 127),

and Cigna submitted its in camera documents. The Motion is ripe for determination.

## Legal Standards

Federal Rule of Civil Procedure 26(b)(1) provides, "[u]nless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Under Rule 34, "[a] party may serve on any other party a request within the scope of Rule 26(b): (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control: (A) any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." Fed. R. Civ. P. 34(a)(1)(A). When a party fails to produce documents requested under Rule 34, Rule 37 permits, "a party seeking discovery . . . [to] move for an order compelling

3

production against another party." *Zenith Ins. Co. v. Tex. Inst. for Surgery, L.L.P.*, 328 F.R.D. 153, 160 (N.D. Tex. 2018) (citing Fed. R. Civ. P. 37(a)(3)(B)(iv); *Crosswhite v. Lexington Ins. Co.*, 321 F. App'x 365, 368 (5th Cir. 2009)). Rule 26(b)(1), however, applies to nonprivileged matter, and a party withholding discovery on privilege grounds, "'must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.'" *Id.* at 161 (quoting Fed. R. Civ. P. 26(b)(5)(A)). Rule 37 dictates "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

<u>Attorney-Client Privilege</u>

"The Federal Rules of Evidence provide that evidentiary privileges 'shall be governed by the principles of the common law . . . in the light of reason and experience.'" *United States v. Jicarilla Apache Nation*, 564 U.S. 162, 169 (2011) (ellipses in original) (quoting Fed. R. Evid. 501). The attorney-client privilege "is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981) (citation omitted). It serves to promote the observance of law and administration of justice by "encourag[ing] full and frank communication between attorneys and their clients." *Id.*

For the attorney-client privilege to apply to a communication, "the proponent 'must prove: (1) that he made a *confidential* communication; (2) to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding.'" *E.E.O.C. v. BDO USA, L.L.P.*, 876 F.3d 690, 695 (5th Cir. 2017) (emphasis in original) (quoting *United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997)). Whether the privilege applies is a "'highly fact-specific' inquiry, and the party asserting the privilege bears the burden of proof." *Id.* (citing *Stoffels v. SBC Commc'ns, Inc.*, 263 F.R.D. 406, 411 (W.D. Tex. 2009)). To carry that burden, the party "must provide sufficient facts by way of detailed affidavits or other evidence to enable the court to determine whether the privilege exists"; only afterward is in camera review appropriate. *Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 473 (N.D. Tex. 2004) (citation omitted) (conducting a privilege analysis under Tex. R. Evid. 503(b), which sets forth essentially the same elements as those articulated by the Fifth Circuit in *E.E.O.C.*, 876 F.3d at 695). Once the party asserting the privilege has proven that it applies, the burden shifts to the other party to prove "any applicable exceptions." *E.E.O.C.*, 876 F.3d at 695 (internal quotation marks omitted) (quoting *Perkins v. Gregg Cty.*, 891 F. Supp. 361, 363 (E.D. Tex. 1995)). Because privileges shield relevant information from discovery, the attorney-client privilege is to be construed narrowly, and "[a]mbiguities as to whether the elements of a privilege claim have been met are construed against the proponent." *Id.* (citation omitted); *see also Robinson*, 121 F.3d at 974 (citations omitted).

While "[t]he attorney-client privilege ranks among the oldest and most established evidentiary privileges," an exception exists "when a trustee obtains legal advice related to the exercise of fiduciary duties" such that "the trustee cannot withhold attorney-client communications from the beneficiary of the trust." *Jicarilla Apache Nation*, 564 U.S. at 165. This is because "the trustee has no independent interest in trust administration" and "is subject to a general common-law duty of disclosure." *Id.* at 166. The Fifth Circuit has recognized this "fiduciary exception" in the ERISA context. *See Wildbur v. ARCO Chem. Co.*, 974 F.2d 631, 645 (5th Cir. 1992) *modified,* 979 F.2d 1013 (5th Cir. 1992) (per curiam). An ERISA plan administrator owes fiduciary duties to the plan's beneficiaries. *Id.* (citing 29 U.S.C. §§ 1002(21); 1103(a), (c)(1); 1104(a)(1)). Thus, "[w]hen an attorney advises a plan administrator or other fiduciary concerning plan administration, the attorney's clients are the plan beneficiaries for whom the fiduciary acts, not the plan administrator." *Id.* (citing *Wash.-Balt. Newspaper Guild, Local 35 v. Wash. Star Co.,* 543 F. Supp. 906, 909 (D.D.C. 1982)). As a result, "an ERISA fiduciary cannot assert the attorney-client privilege against a plan beneficiary about legal advice dealing with plan administration." *Id.* (citing *Wash.-Balt. Newspaper Guild,* 543 F. Supp. at 909).

**Analysis**

Advanced contends that all the documents listed on Cigna's privilege log, dated prior to the filing of this lawsuit, should be produced because the documents relate to Cigna's acts of Plan administration and the fiduciary exception to the

attorney-client privilege applies. Specifically, Advanced contends Cigna denied its reimbursement claims based on a benefits review conducted by Cigna's legal department that involved Plan interpretation, which is a fiduciary determination conducted as a function of Plan administration. Advanced further contends that it is entitled to invoke the fiduciary exception because it is an assignee of the beneficiaries' rights to make claims for medical services under the Plan and, as such, it "takes all of the rights of the assignor for the thing assigned." Pl.'s Supp. Br. 6. Cigna disputes that Advanced is a beneficiary of the Plan entitled to invoke the fiduciary exception to the attorney-client privilege. Cigna further asserts that Advanced is not entitled to invoke the exception as the beneficiaries' assignee because "the rights the provider obtains are limited to those expressly set forth in the assignment." Defs.' Supp. Br. 7.

Assuming, without deciding, for the purposes of Advanced's Motion to Compel that the documents on Cigna's privilege log constitute confidential communications concerning Plan administration, the Court concludes that Advanced is not entitled to assert the fiduciary exception to the attorney-client privilege on behalf of the beneficiaries because under Advanced's "Assignment of Benefits," the beneficiaries did not assign their right to assert the attorney-client privilege.

**A.**

There appears to be no Fifth Circuit authority directly addressing the discrete issue presented. The parties have not identified any legal precedent

holding that a third-party provider, such as Advanced, may compel otherwise privileged communications under the fiduciary exception. Nor has the Court found any such case in its own research. However, district courts in the circuit have issued opinions that are instructive. In *Klein v. Federal Insurance Company*, 2014 WL 3408355, at *8 (N.D. Tex. July 14, 2014), the plaintiffs sought to compel Federal Insurance to produce documents that Federal claimed were subject to the attorney-client privilege in the plaintiffs' class action law suit against CVS Revco D.S., Inc.[1] ("CVS") and Retrac, Inc. Federal provided insurance coverage to CVS and Retrac. *Id*. at *1. CVS assigned to the plaintiffs:

> i) all of their rights, if any, under the Federal Policy to seek indemnity coverage, limited to the Escrow Payment, for the claims asserted against them in the Class Action; and ii) all of their rights, if any, under the Federal Policy or applicable law to seek attorney's fees and costs if prevailing in the Consolidated Declaratory Judgment Actions.

*Id*. at *11. The plaintiffs argued that Federal's documents were not privileged as to them because the documents belonged to CVS as Federal's insured, and, therefore, to the plaintiffs as CVS's assignees. *Id*. at *8. Federal contended, however, that the plaintiffs were not entitled to the documents "[b]ecause the assignment permits the class plaintiffs to seek coverage under the Federal policy but does not otherwise waive any attorney-client . . . privilege." *Id*. The court found that "[n]othing in the language of [the] assignment suggests that [CVS] intended to waive the attorney-

---

[1] *Klein v. Fed. Ins. Co.*, 2012 WL 2886679, at *1 n. 1 (N.D. Tex. July 16, 2012) (noting that "[i]n 1997 Revco merged with CVS Corporation and the new corporation was named CVS Revco D.S., Inc.").

8

client privilege or to assign to the class plaintiffs the right to assert the privilege," and that "by assigning its rights to the class plaintiffs without specific language addressing the attorney-client or any other privilege, [CVS] did not waive [those] privileges." *Id.* at *11. Thus, the court denied the plaintiffs' motion because only CVS, the client, could waive the attorney-client privilege since it had not assigned the right to assert the privilege. *Id.*; *see also United States v. Hankins*, 631 F.2d 360, 365 (5th Cir. 1980) ("In this country the [attorney-client] privilege has belonged traditionally to the client . . . ." (quoting *United States v. Jones*, 517 F.2d 666, 674 (5th Cir. 1974)).

In this case, Advanced's "Assignment of Benefits" is more limited than the assignment at issue in *Klein,* wherein the defendants assigned "*all of their rights*, if any, under the Federal Policy to seek indemnity coverage." *Klein*, 2014 WL 3408355, at *11 (emphasis added). Here, the "Assignment of Right to Sue" section of Advanced's "Assignment of Benefits" reads:

> 3. In the event any insurance company or attorney, obligated by contractual agreement to issue payments to me for your service charges, refuses to pay upon demand by you, I hereby assign and transfer to you the cause of action that exists in my favor against any such company or attorney and authorize you to prosecute said action either in my name or your name as you otherwise resolve said claim as you see fit. I understand that whatever amounts you do not collect from said insurance proceeds (whether it be all or part of what is due) shall be paid by me.
>
> 4. I also assign to you, the medical provider, and grant the right of lien against any and all claims against any third

> party whose negligence may have caused my injury, including their insurance, up to the amount of the bill for treatment.
>
> 5. If I refuse to pay any balance owed or if Advanced Physicians, S.C. has to use an attorney, collection agency or incured [sic] court costs to pursue any collections I will be responsible for any fees. I also agree to pay prime interest rate on any outstanding balances.
>
> 6. I waive the Statue [sic] of Limitations regarding my doctor's right to recover from me directly.
>
> 7. I hereby direct my attorney to cooperate, assist and not interfere with you, the medical provider, in recovering any Benefits that I may be entitled to.

Defs.' Ex. A (ECF No. 127-1). The text of Advanced's "Assignment of Benefits" transfers to Advanced the patient's cause of action against any insurance company refusing to issue payment and any claim against a potentially negligent third party responsible for the patient's injury. Like in *Klein*, nothing in the assignment's language suggests that the beneficiaries, who assigned their claims for reimbursement to Advanced, intended to assign their right to assert the attorney-client privilege. In fact, Advanced's "Assignment of Benefits" does not go as far as the *Klein* assignment, which transferred "all of [defendants'] rights." Accordingly, though Plaintiff rightly asserts that "the ability of patients to assign their claims to medical providers is both permissible and beneficial," Pl.'s Br. Supp. 6, the Court finds that the Plan beneficiaries who assigned their claims to Advanced did not assign their right to assert the attorney-client privilege.

**B.**

Advanced further argues that even though it "has not been assigned the participant's right to sue the Plan for breach of fiduciary duty," it should still be able to assert the fiduciary exception to the attorney client privilege because "[t]he fiduciary duties Cigna owes when administering the Plan are separate and independent of a claim for breach of fiduciary duty." Pl.'s Supp. Br. 7-8. Cigna responds that because "Advanced's assignment does not assign the right to sue for breach of fiduciary duty . . . by corollary, it does not assign the associated fiduciary exception." Defs.' Br. Supp. 8. The Court concludes that Advanced's inability to bring a breach of fiduciary duty claim against Cigna evinces that it does not have the right to assert the fiduciary exception to the attorney-client privilege on the beneficiaries' behalf.

The Fifth Circuit recognizes "a distinction between the rights of a beneficiary, as referred to in ERISA, to receive covered medical services or reimbursement therefor, and one entitled to receive payment as an assignee of such a beneficiary." *Hermann Hosp. v. MEBA Med. & Benefits Plan*, 959 F.2d 569, 576 (5th Cir. 1992), *overruled in part by Access Mediquip, L.L.C. v. UnitedHealthcare Ins. Co.*, 698 F.3d 229, 230 (5th Cir. 2012) (per curiam). The assignee does not become a "beneficiary" for all purposes under ERISA by virtue of the assignment. *See id.* ("Neither Mr. Nicholas' act of authorizing the Plan to make payments directly to Hermann, nor Mrs. Nicholas' assignment of the right to recover payments for benefits provided, elevated Hermann to the status of

beneficiary under the Plan."). And with respect to ERISA fiduciary-breach claims in particular, "only an express and knowing assignment . . . is valid." *Tex. Life, Acc., Health & Hosp. Serv. Ins. Guar. Ass'n v. Gaylord Entm't Co.*, 105 F.3d 210, 218 (5th Cir. 1997) (citations omitted). This is "[b]ecause an assignment of a fiduciary duty breach claim affects all plan participants, and unsuccessful claims can waste plan resources that are meant to be available for employees' retirements"; therefore, "[those] claims are not assigned by implication or by operation of law." *Id.* For example, in *Gaylord Entertainment Company*, the Guaranty Act stated "that anyone accepting benefits under the Act 'is considered to have assigned the rights under, and any causes of action relating to, the covered policy or contract to the [Guaranty A]ssociation to the extent of the benefits received under this Act.'" *Id.* at 219 (quoting Tex. Ins. Code Art. 21.28-D § 8(t)). The court found the Act's broad provision insufficient to assign the beneficiaries' fiduciary-breach claims to the Guaranty Association because it was not an express or knowing assignment. *Id.*

Here, Advanced's "Assignment of Benefits" generally assigns causes of action against an insurance company and claims against potentially negligent third parties; it does not expressly mention fiduciary-breach claims. Thus, the beneficiaries did not assign any fiduciary-breach claim they might have to Advanced. Because Advanced does not hold all of the rights of a Plan beneficiary for all purposes under ERISA by virtue of its assignment, as evidenced by Advanced's inability to bring an ERISA fiduciary-breach claim against Cigna, the

Court concludes that Advanced does not have the right to assert the fiduciary exception to the attorney-client privilege on behalf of Plan beneficiaries.

## Conclusion

While Plan beneficiaries assigned their claims for reimbursement under the Plan to Advanced, Advanced is not a "beneficiary" for the purpose of asserting the fiduciary exception to the attorney-client privilege under ERISA. Specifically, the Court finds that the assignment does not assign to Advanced the beneficiaries' right to assert the attorney-client privilege or sue for breach of fiduciary duty. Accordingly, Plaintiff Advanced Physicians, S.C.'s Motion to Compel (ECF No. 110) is DENIED.

**SO ORDERED**.

April 17, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE