UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION


ADVANCED PHYSICIANS, S.C.,    )
    )
    Plaintiff,    )
    )    CIVIL ACTION NO.
VS.    )
    )    3:16-CV-2355-G
CONNECTICUT GENERAL LIFE    )
INSURANCE COMPANY, ET AL.,    )
    )
    Defendants.    )


## MEMORANDUM OPINION AND ORDER

Before the court is the Objection to a Magistrate Judge Order ("Objections")

(docket entry 133) filed by the plaintiff Advanced Physicians, S.C. ("AP") in

objection to the Memorandum Opinion and Order ("Memorandum Opinion")

(docket entry 130) entered by United States Magistrate Judge Rebecca Rutherford

(the "Magistrate Judge"), in which the Magistrate Judge denied AP's motion to

compel ("Motion") (docket entry 110). By its motion, AP seeks to compel disclosure

of communications that the defendants Connecticut General Life Insurance

Company, Cigna Health and Life Insurance Company, Cigna Healthcare

Management, Inc., and Great-West Healthcare-Cigna (collectively, "Cigna") assert

are covered by the attorney-client privilege. Memorandum Opinion at 1.

For the reasons set forth below, the court **MODIFIES** and **SETS ASIDE** the Memorandum Opinion denying AP's motion to compel in part, in accordance with the following.

## I. BACKGROUND

A full recitation of the factual and procedural background of this case is provided in the court's memorandum opinion and order issued on October 27, 2017. *See generally* Memorandum Opinion and Order (docket entry 80). In that order, the court dismissed without prejudice the first, second, and fourth claims in AP's third amended complaint. *Id.* at 25. However, the court afforded the plaintiff an opportunity to amend its complaint to cure the deficiencies contained therein. *Id.* On November 7, 2017, in compliance with this court's order, AP filed a new amended complaint. *See* Plaintiff's Fourth Amended Complaint ("Fourth Amended Complaint") (docket entry 81).

On November 28, 2017, the Cigna defendants and the NFL Player Insurance Plan ("Plan") filed a joint motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (docket entry 84). On March 27, 2018, this court granted in part and denied in part that motion. Specifically, this court dismissed with prejudice the plaintiff's claim for relief under 28 U.S.C. § 1132(a)(3) but denied the portion of the defendants' motion challenging the sufficiency of the plaintiff's claims

for relief under 28 U.S.C. § 1132(a)(1)(B).  *See generally* Memorandum Opinion and Order (docket entry 87).

Thereafter, a discovery dispute arose over some of AP's requests for production of documents.  On August 8, 2018, AP served written discovery, requests for production, and interrogatories on Cigna, which objected on privilege grounds, among others.  Motion at 1-2.  AP contends that "Cigna made blanket boilerplate objections, failed to specify the reasons for its objections, and are producing documents at an alarmingly slow rate."  *Id*. at 3.  On January 25, 2019, AP filed its second motion to compel seeking to compel the production of documents that Cigna claims are protected by the attorney-client privilege.  *See id.*  On January 29, 2019, the Magistrate Judge ordered the parties to submit a joint status report in lieu of a response and reply to the second motion to compel.  *See* Order Setting Hearing and Requiring Conference and Joint Report (docket entry 111).  On March 19, 2019, the Magistrate Judge conducted an oral hearing on the motion during which "the Court and the parties further narrowed the issues in dispute such that the only remaining issue concerned whether [AP] could assert the fiduciary exception to the attorney-client privilege to gain access to Cigna's privileged documents."  Memorandum Opinion at 2.  On March 29, 2019, the Magistrate Judge "ordered the parties to submit supplemental briefs on that issue and required Cigna to submit 25 representative documents from its privilege log for in camera review."  *Id*.; Order

(docket entry 129).  AP contends that it should be permitted to rely on the fiduciary exception to the attorney-client privilege and gain access to communications between Cigna as the claims administrator and the Plan that Cigna asserts are covered by the attorney-client privilege.

On April 17, 2019, the Magistrate Judge denied AP's motion to compel.  *See generally* Memorandum Opinion; *see also id.* at 13 ("While Plan beneficiaries assigned their claims for reimbursement under the Plan to [AP], [AP] is not a 'beneficiary' for the purpose of asserting the fiduciary exception to the attorney-client privilege under ERISA.  Specifically, the Court finds that the assignment does not assign to [AP] the beneficiaries' right to assert the attorney-client privilege or sue for breach of fiduciary duty.").  AP timely filed its objections on April 29, 2019.  *See* Objections.  Cigna filed a response on May 20, 2019 (docket entry 135), and AP filed a reply on June 3, 2019 (docket entry 141).  The plaintiff's objections are therefore ripe for review.

## II.  ANALYSIS

### A.  Legal Standards

#### 1.  *Standard of Review for Rule 72(a) Objections*

Title 28 U.S.C. § 636(b)(1)(A) provides that a district judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to a handful of exceptions not applicable here.  The standard of review for a

decision of a magistrate judge in a nondispositive matter[1] is governed by Federal Rule of Civil Procedure 72(a), which provides that the district judge shall "modify or set aside any portion of the [magistrate judge's] order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). Courts have interpreted this language to create distinct standards of review for findings of fact and conclusions of law. Specifically, "[t]he [c]ourt reviews the [m]agistrate [j]udge's legal conclusions *de novo*, and reviews her factual findings for clear error." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 476 (N.D. Tex. 2005) (Lynn, J.). Under the "clearly erroneous" standard, the district court cannot disturb a factual finding of the magistrate judge "unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994) (Fitzwater, J.) (quoting *Resolution Trust Corporation v. Sands*, 151 F.R.D. 616, 619 (N.D. Tex. 1993) (Fitzwater, J.)). If the magistrate judge's "account of the evidence is plausible in light of the record viewed in its entirety," the district judge may not reverse. *Id.* "When a party objects to a magistrate judge's ruling on the ground that it is contrary to law, the party must demonstrate that the magistrate judge erred in some respect in [her] legal conclusions." *Id.* Here, the court reviews *de novo* the Magistrate Judge's conclusion

---

[1] A nondispositive matter is any "pretrial matter not dispositive of a party's claim or defense." FED. R. CIV. P. 72(a).

that the fiduciary exception to the attorney-client privilege is inapplicable in this case.

See *Waffle House*, 227 F.R.D. at 476.

## 2. *The Attorney-Client Privilege*

"The attorney-client privilege limits the normally broad disclosure requirements of Federal Rule of Civil Procedure 26 . . . ." *Equal Employment Opportunity Commission v. BDO USA, L.L.P.*, 876 F.3d 690, 695 (5th Cir. 2017) (quoting *SmithKline Beecham Corp. v. Apotex Corp.*, 232 F.R.D. 467, 472 (E.D. Pa. 2005)). The purpose of the privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). "Because the attorney-client privilege 'has the effect of withholding relevant information from the fact-finder,' it is interpreted narrowly so as to 'appl[y] only where necessary to achieve its purpose.'" *BDO USA, L.L.P.*, 876 F.3d at 695 (quoting *United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997)).

"For a communication to be protected under the privilege, the proponent 'must prove: (1) that he made a *confidential* communication; (2) to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding.'" *Id.* (emphasis in original) (quoting *Robinson*, 121 F.3d at 974). The party asserting the attorney-client privilege bears the burden of proving its applicability. *Id.* (citations omitted). If the asserting party establishes the privilege, "the burden shifts to the other party to prove any applicable

- 6 -

exceptions." *Id.* (quoting *Perkins v. Gregg County*, 891 F.Supp. 361, 363 (E.D. Tex. 1995).

Here, the parties do not dispute that Cigna carried its burden of establishing the three elements of the attorney-client privilege standard listed above with respect to the documents listed in Cigna's privilege log. Rather, the issue raised by AP's objections is whether AP may assert the fiduciary exception to avoid Cigna's assertion of the attorney-client privilege. *See* Memorandum Opinion at 2 (noting that at a hearing on March 19, 2019, "the Court and the parties further narrowed the issues in dispute such that the only remaining issue concerned whether [AP] could assert the fiduciary exception to the attorney-client privilege to gain access to Cigna's privileged documents.").

### 3. *The Fiduciary Exception to the Attorney-Client Privilege*

The fiduciary exception to the attorney-client privilege derives from the law of trusts. Courts have held that "when a trustee obtains legal advice relating to the exercise of fiduciary duties . . .[,] the trustee cannot withhold attorney-client communications from the beneficiary of the trust." *United States v. Jicarilla Apache Nation*, 564 U.S. 162, 165 (2011). Like several other circuits, the Fifth Circuit has adopted the fiduciary exception in the ERISA context. See *Wildbur v. ARCO Chemical Company*, 974 F.2d 631 (5th Cir. 1992). In *Wildbur*, the court held that "an ERISA fiduciary cannot assert the attorney-client privilege against a plan beneficiary about legal advice dealing with plan administration." *Id.* at 645 (citing *Washington-*

*Baltimore Newspaper Guild, Local 35 v. Washington Star Co.*, 543 F.Supp. 906, 909

(D.D.C.1982)). The *Wildbur* court based this holding on two rationales: first, "[a]n

ERISA plan is a separate legal entity from its sponsor . . . , and a plan's administrator

owes a fiduciary duty to the plan's beneficiaries, not its sponsor", *id.*; and second,

"[w]hen an attorney advises a plan administrator or other fiduciary concerning plan

administration, the attorney's clients are the plan beneficiaries for whom the

fiduciary acts, not the plan administrator." *Id.* (citing *Washington Star Co.*, 543

F.Supp. at 909).

       Other courts that have applied the fiduciary exception in the ERISA context

have explicitly noted that the "exception is rooted in two distinct rationales." *United

States v. Mett*, 178 F.3d 1058, 1063 (9th Cir. 1999); *Solis v. Food Employers Labor

Relations Association*, 644 F.3d 221, 227 (4th Cir. 2011) ("[C]ourts have relied on one

of two related rationales."); see also *Jicarilla Apache Nation*, 564 U.S. at 190 (2011)

(Sotomayor, J., dissenting) ("The majority correctly identifies the two rationales

courts have articulated for applying the fiduciary exception. . .").  Under one

rationale, "some courts have held that the exception derives from an ERISA trustee's

duty to disclose to plan beneficiaries all information regarding plan administration."[2]

*Mett*, 178 F.3d at 1063 (citing *In re Long Island Lighting Co.*, 129 F.3d 268, 271-72

(2d Cir. 1997); *Bland v. Fiatallis North America, Inc.*, 401 F.3d 779, 787-88 (7th Cir.

_____

    [2]      For clarity, the court will refer to this rationale as the "duty rationale."

2005). "Viewed in this light, the fiduciary exception can be understood as an instance of the attorney-client privilege giving way in the face of a competing legal principle." *Mett*, 178 F.3d at 1063.

"Other courts have focused instead on the role of the trustee and have endorsed the notion that, 'as a representative for the beneficiaries of the trust which he is administering, the trustee is not the real client in the sense that he is personally being served.'"[3] *Id.* (quoting *United States v. Evans*, 796 F.2d 264, 265-66 (9th Cir. 1986)); *Washington Star Co.*, 543 F. Supp. at 909. "Understood in this fashion, the fiduciary exception is not an 'exception' to the attorney-client privilege at all. Rather, it merely reflects the fact that, at least as to advice regarding plan administration, a trustee is not 'the real client' and thus never enjoyed the privilege in the first place." *Mett*, 178 F.3d at 1063 (citing *Evans*, 796 F.2d at 265-66).

The law regarding the fiduciary exception in the ERISA context has developed in cases presenting two different factual scenarios: (1) cases in which an ERISA plan participant brought suit against an ERISA plan fiduciary, see, e.g., *Wildbur*, 974 F.2d 631, and; (2) cases in which the federal government instigated an enforcement action or compliance investigation against an ERISA plan fiduciary to protect the interests of the plan's participants, see, e.g., *Food Employers*, 644 F.3d 221; *Mett*, 178 F.3d at 1064 n.9. In both scenarios, courts have relied on the duty rationale, the client

---

[3]     For clarity, the court will refer to this rationale as the "client rationale."

rationale, or a combination of the two, and held that ERISA fiduciaries are precluded from asserting the attorney-client privilege under the fiduciary exception. The factual posture of this case fits neither scenario, as the plaintiff is neither an ERISA plan participant nor the federal government, but an assignee of the right to receive reimbursement from an ERISA plan. As the Magistrate Judge found in her memorandum opinion denying AP's motion to compel, there appears to be no precedent in the Fifth Circuit (or in any other jurisdiction, of which this court is aware) in which the court determined whether an assignee of the right to receive payments under an ERISA plan may invoke the fiduciary exception against a plan fiduciary. *See* Memorandum Opinion at 7-8.

## B. Application

### 1. *Review of the Magistrate Judge's Memorandum Opinion*

AP asserts that the Magistrate Judge's order denying its motion to compel is contrary to law. *See* Objections. AP does not dispute that the documents listed in Cigna's privilege log would be covered by the attorney-client privilege were Cigna not the Plan's claim administrator. Rather, AP objects to the Magistrate Judge's holding that AP may not invoke the fiduciary exception to the attorney-client privilege. *See id.* at 6-11. Upon *de novo* review of the legal conclusion that the fiduciary exception is inapplicable to the case at bar, the court reverses and holds that AP may assert the fiduciary exception in this case.

The Magistrate Judge's consideration of the fiduciary exception was rooted in the duty rationale; the analysis of whether the fiduciary exception applies in this case focused on the duties (if any) that Cigna, as plan administrator, owes to AP, and the scope of the rights that AP was assigned by Plan beneficiaries. Ultimately, the Magistrate Judge concluded that AP does not have the right to assert the fiduciary exception to the attorney-client privilege because (1) the beneficiaries of the Plan assigned to AP only their rights to collect payments from the Plan, not the right to assert or waive the attorney client privilege, Memorandum Opinion at 10, and because (2) "[AP] does not hold all of the rights of a Plan beneficiary for all purposes under ERISA by virtue of its assignment, as evidenced by [AP]'s inability to bring an ERISA fiduciary-breach claim against Cigna." *id.* at 12-13.[4]

Although the Magistrate Judge's conclusion that AP may not assert the fiduciary exception is consistent with the duty rationale, the court concludes that under the client rationale and a series of ERISA cases in which the federal government was permitted to assert the fiduciary exception, AP may successfully invoke the fiduciary exception in this case.[5]

_____

[4]     In this court's memorandum opinion and order of March 27, 2018, the court dismissed with prejudice AP's claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3). Memorandum Opinion and Order (docket entry 87) at 4.

[5]     Although the court sets aside the Magistrate Judge's conclusion that the fiduciary exception is inapplicable to the case at bar, the court finds no error with, and therefore affirms, Judge Rutherford's reasoned conclusion that the assignment of
(continued...)

## 2. *Application of the "Client Rationale"*

In *Wildbur*, the Fifth Circuit's application of the fiduciary exception was rooted in both the duty rationale and the client rationale. In keeping with the client rationale, the court concluded that "[w]hen an attorney advises a plan administrator or other fiduciary concerning plan administration, the attorney's clients are the plan beneficiaries for whom the fiduciary acts, *not the plan administrator*. *Wildbur*, 974 F.2d at 645 (citing *Washington Star Co.*, 543 F.Supp. at 909) (emphasis added). As the Ninth Circuit put it in *Mett*, viewed under the client rationale, the fiduciary exception "reflects the fact that, at least as to advice regarding plan administration, a trustee is not 'the real client' and thus never enjoyed the privilege in the first place." 178 F.3d at 1063; see also *Food Employers*, 644 F.3d at 227.

Under the client rationale, the focus of the fiduciary exception analysis is on the role of the ERISA fiduciary, who acts in a representative rather than a personal capacity with respect to plan administration. See *Mett*, 178 F.3d at 1063. Several district courts in the Fifth Circuit that have applied the fiduciary exception in the ERISA context in the wake of *Wildbur* have centered the analysis around the defendant's status as a fiduciary, and held that the defendant may not assert the attorney-client privilege based on that status. See, e.g., *Wittmann v. Unum Life*

---

[5](...continued)
rights that AP received from Plan beneficiaries did not include the right to assert or waive the attorney-client privilege. *See* Memorandum Opinion at 10.

*Insurance Co. of America*, No. CV 17-9501, 2018 WL 1912163, at *3 (E.D. La. Apr. 23, 2018), *on reconsideration*, No. CV 17-9501, 2018 WL 2970873 (E.D. La. June 13, 2018) (citing *Wildbur* and finding that "the 'fiduciary exception' precludes assertion of [the attorney-client privilege] as to Unum attorneys who participated in the claim review, evaluation and denial under *the circumstances presented by defendant's status* in this case.") (emphasis added); *Landry v. Georgia Gulf Corp.*, No. CIV.A. 97-1164-B-M2, 2001 WL 36286141, at *3 (M.D. La. Feb. 26, 2001) (citing *Wildbur*, 974 F.2d at 645) ("Under the 'fiduciary exception,' a person or entity which acts as a fiduciary to an ERISA plan cannot assert the attorney-client privilege about legal advice concerning plan administration."); *Johnston v. Dillard Department Stores, Inc.*, No. CIV. A. 92-0740, 1993 WL 459932, at *1 (E.D. La. Oct. 29, 1993) ("Because the individuals participating in [a] decision [regarding plan administration] would be fiduciaries under ERISA, the attorney-client privilege would not apply."); but see, e.g., *Stoffels v. SBC Communications, Inc.*, 263 F.R.D. 406, 414 (W.D. Tex. 2009) (applying the fiduciary exception based upon both the defendant's status as a fiduciary and the plaintiff's status as an ERISA plan beneficiary). This approach is consistent with the client rationale, which recognizes that a plan administrator may not assert the attorney client privilege based on the notion that the administrator never had the privilege to begin with. See *Mett*, 178 F.3d at 1063.

Turning to the present case, the court concludes that under the client rationale, Cigna, as a Plan fiduciary, may not assert the attorney-client privilege against AP with respect to communications made between Cigna and its attorneys, insofar as those communications relate to plan administration. See *Wildbur*, 974 F.2d at 645 ("When an attorney advises a plan administrator or other fiduciary *concerning plan administration*, the attorney's clients are the plan beneficiaries for whom the fiduciary acts, *not the plan administrator*." (emphasis added)). Or, stated more bluntly: "there is no attorney-client privilege between a plan trustee and an attorney who advises the trustee regarding the administration of the plan." *Jackson v. Capital Bank & Trust Co.*, No. CIV. A. 90-4734, 1991 WL 148751, at *2 (E.D. La. July 19, 1991) (citing *Evans*, 796 F.2d at 265-66). The Magistrate Judge held, and Cigna argues, that AP should be precluded from asserting the fiduciary exception because Cigna does not owe AP any fiduciary duties. *See* Memorandum Opinion at 12-13; Response at 7-9. Although the fact that Cigna does not owe AP fiduciary duties would preclude AP from asserting the fiduciary exception under the duty rationale, under the client rationale, with respect "to advice regarding plan administration, [Cigna] is not 'the real client' and thus never enjoyed the privilege in the first place." See *Mett*, 178 F.3d at 1063; *Food Employers*, 644 F.3d at 227; see also *Wildbur*, 974 F.2d at 645. Because Cigna is not "the real client" when it consults attorneys regarding plan administration, application of the attorney-client privilege in this

context is not necessary to achieve the purpose that the privilege is designed to promote, namely, "to encourage full and frank communication between attorneys and *their clients*." See *Upjohn Co.*, 449 U.S. at 389 (emphasis added); see also *BDO USA, L.L.P.*, 876 F.3d at 695 ("[T]he attorney-client privilege . . . is interpreted narrowly so as to appl[y] only where necessary to achieve its purpose.") (citation omitted).

The court's conclusion that AP may assert the fiduciary exception against Cigna based on Cigna's status as a Plan fiduciary and AP's status as an asignee of the right to receive payment from the Plan is bolstered by a line of cases in which the court found that the federal government may invoke the fiduciary exception against an ERISA plan fiduciary. See *Food Employers*, 644 F.3d at 229 (collecting cases in which the court held that the government may assert the fiduciary exception in an ERISA enforcement action). ERISA plan fiduciaries do not owe the government the fiduciary duties that they owe to plan beneficiaries; therefore, the government's assertion of the fiduciary exception in such cases is not supported by the duty rationale. *See id.* at 227 (observing that under the duty rationale, "courts have concluded that the ERISA fiduciary's duty to act in the exclusive interest of beneficiaries supersedes the fiduciary's right to assert attorney-client privilege."). Thus, it is not necessary that the party against whom the fiduciary exception is asserted owe the asserting party the duty to act in the exclusive interest of the asserting party. Rather, courts have held that the federal government may invoke the

fiduciary exception against an ERISA plan fiduciary where the government and the plan beneficiaries share "a sufficient identity of interests" such that allowing the government to assert the fiduciary exception would serve the interests that ERISA is designed to protect. *Donovan v. Fitzsimmons*, 90 F.R.D. 583, 586 (N.D. Ill. 1981); *Food Employers*, 644 F.3d at 229-30; see also *In re Grand Jury Proceedings Grand Jury No. 97-11-8*, 162 F.3d 554, 557 (9th Cir. 1998) ("[T]he government [may] assert the [fiduciary] exception when it is seeking to vindicate the rights of ERISA beneficiaries." (emphasis omitted)).

Here, the court concludes that allowing AP to assert the fiduciary exception based on its status as an assignee comports with those cases in which the court found that the government's assertion of the fiduciary exception was permissible in the ERISA context. The discussion of the fiduciary exception in *Donovan v. Fitzsimmons* is instructive. There, in considering Congress's decision to grant the Secretary of Labor the statutory authority to sue in the interest of ERISA beneficiaries, the court found that "[t]he legislative goal was to ensure more effective enforcement of the statutory standards governing pension plans and plan fiduciaries than could be obtained through reliance only on private beneficiary actions." *Fitzsimmons*, 90 F.R.D. at 586 (citing S.Rep.No.127, 93rd Cong., 2d Sess. 36 (1974), reprinted in 1974 U.S.Code Cong. & Admin.News 4639, 4838, 4871); *see* 29 U.S.C. § 1132 (authorizing the Secretary of Labor to bring a civil action in order "(A) to enjoin any act or practice

which violates any provision of this subchapter, or (B) to obtain other appropriate equitable relief . . .").  Thus, the *Fitzsimmons* court concluded, allowing the Secretary of Labor to assert the fiduciary exception is consistent with congressional intent.  90 F.R.D. at 586.

Unlike the Secretary of Labor, assignees such as AP do not have the statutory right to bring an enforcement action under ERISA; however, it is well settled that an ERISA plan beneficiary may assign the right to receive payments under the plan to a third party, thereby conferring third-party standing to sue to enforce that right upon the assignee.  *Tango Transport v. Healthcare Financial Services LLC*, 322 F.3d 888, 892-93 (5th Cir. 2003).  Furthermore, the Fifth Circuit has found that "[a]s a matter of policy, . . . "[a]n assignment to a healthcare provider facilitates rather than hampers the employee's receipt of health benefits.'"  *Id.* at 891(quoting *Hermann Hospital v. MEBA Medical & Benefits Plan*, 845 F.2d 1286, 1289 (5th Cir.1988)); *North Cypress Medical Center Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 195 (5th Cir. 2015) ("[T]he ability of patients to assign their claims to medical providers is both permissible and beneficial.").  Moreover, "ERISA is designed 'to protect contractually defined benefits' and has a 'repeatedly emphasized purpose' of doing so."  *North Cypress Medical Center Operating Co.*, 781 F.3d at 193.  A plan participant bargains for the right to receive payments under the terms of an insurance contract, and a plan administrator's "failure to pay denies the [participant] the benefit of her

bargain." *Id.* Thus, in considering assignee-standing in the ERISA context, the Fifth Circuit has found that even where a plan participant assigns the right to payment under an ERISA plan to a third party, the participant's ERISA-protected interests are harmed by the plan administrator's refusal to pay the assignee in accordance with the terms of the plan. *See id.* at 195 ("[The] patient's injury is caused by [the plan administrator]'s refusal to pay [the assignee] as directed, and a favorable decision awarding [the assignee] damages is likely to redress the injury.").

Here, the Plan beneficiaries assigned their right to receive insurance payments under the Plan to AP, which facilitated the beneficiaries' ability to receive the treatment they desired without the need to pay AP up front. Furthermore, in assigning the right to sue to collect unissued insurance payments to AP, the beneficiaries agreed "that whatever amounts [AP] do[es] not collect from [the] insurance proceeds (whether it be all or part of what is due) shall be paid by [the beneficiary]." *See* Response, Exhibit 1. Thus, in the event that AP is unable to recover from the Plan, the beneficiaries have agreed to pay AP for the services that AP provided the beneficiaries. Clearly, then, the beneficiaries have a strong interest in ensuring that Cigna makes payments to AP in accordance with the terms of the Plan. AP's interest is in line with that of the beneficiaries: AP seeks payment for the cost of the services that it provided to the Plan beneficiaries. Accordingly, AP's and the plan beneficiaries' interests are sufficiently similar that allowing AP to rely on the

fiduciary exception in this case is consistent with allowing the federal government to assert the fiduciary exception in ERISA cases; doing so "ensure[s] more effective enforcement of the statutory standards governing pension plans and plan fiduciaries than could be obtained through reliance only on private beneficiary actions." See *Fitzsimmons*, 90 F.R.D. at 586 (citation omitted).

In summary, the court concludes that AP may successfully assert the fiduciary exception against Cigna; or, stated differently, Cigna "cannot assert the attorney-client privilege against [AP] about legal advice dealing with plan administration." See *Wildbur*, 974 F.2d at 645. Cigna may, however, assert the attorney-client privilege with respect to attorney communications that were "made for the purpose of defending the pending lawsuit", or that "did not deal with plan administration." *Id.*; *Food Employers*, 644 F.3d at 229.

## III.  CONCLUSION

In accordance with the foregoing, the court **MODIFIES** and **SETS ASIDE** the Magistrate Judge's Memorandum Opinion and Order (docket entry 130) in part, and concludes that AP may assert the fiduciary exception in this case.

**SO ORDERED.**

January 3, 2020

_____

**A. JOE FISH**
**Senior United States District Judge**

- 19 -